## J. ZORN v. JULIA TARVER AND HUSBAND.

1. COMMUNITY PROPERTY.—Land conveyed by onerous title to the wife is subject to execution under a judgment against the husband.
2. SAME.—The fact that "love and affection" formed part of the consideration of a conveyance to a married woman, does not affect the character of that part of the property conveyed for some other consideration as community property, and an injunction will not be allowed to restrain the sale of such community interest under execution against the husband.
3. SAME.—See facts held insufficient to rebut the presumption that land conveyed to the wife during coverture was community.

APPEAL from Guadalupe. Tried below before the Hon. J. P. Richardson.

Mrs. Julia Tarver and her husband, E. R. Tarver, brought suit against J. Zorn to enjoin the sale of a tract of 1,001 acres of land, claimed as her separate property, and levied on as the property of her husband under an execution in favor of Zorn.

The land had been sold, April 5, 1870, by the sheriff of Guadalupe county, under an order of sale to satisfy a judgment against E. R. Tarver and others, when Miss C. L. Young became the purchaser.

June 14, 1870, Miss Young, by ordinary title bond, con-

veyed the land to Mrs. Tarver, her cousin, for the same sum at which it had sold at the sheriff's sale, to be paid with twelve per cent. interest.

Zorn's judgment against E. R. Tarver was rendered May 16, 1870.

The additional testimony is given in the opinion.

A decree was rendered perpetuating the injunction, from which Zorn appealed. There was no question made on the pleadings.

*John Ireland,* for appellant, cited Luckett *v.* Luckett, 11 La., 246; Dominguez *v.* Lee, 17 La., 296; Berry *v.* Wright, 14 Tex., 274; Ogden *v.* Giddings, 15 Tex., 485.

*W. E. Goodrich* and *Jackson & Jackson,* for appellees, cited Stramler *v.* Coe, 15 Tex., 217; Gibson *v.* Fifer, 21 Tex., 263; Stiles *v.* Giddens, 21 Tex., 786; McGehee *v.* Schafer, 15 Tex., 204; Story *v.* Marshall, 24 Tex., 306; Higgins *v.* Johnson, 20 Tex., 396; Smith *v.* Boquet, 27 Tex., 512.

MOORE, ASSOCIATE JUSTICE.—It is unnecessary, if the facts were sufficiently developed on the trial of this case in the District Court to warrant our doing so, for us to say what was the actual character of the arrangement between appellees and Miss C. L. Young which led to her purchase of the judgment of Holloman *v.* Bee and others, and subsequent purchase of the land sold under it by the decree of the court. For whether we should conclude, as insisted by appellees, that Miss Young acquired by her purchase at said sale an absolute and indefeasible title to the land, or, as appellants maintain, her title was in fact merely in the nature of a mortgage or as a security for the money loaned to purchase the judgment, still there is obviously error in the judgment, for which it must be reversed. For, conceding that Miss Young acquired by her purchase an absolute and perfect title, coupled in no way with any condition or trust whatever, yet as the

conveyance from her to Mrs. Tarver purports to be on an onerous consideration, in the absence of clear and satisfactory proof that the land was purchased with Mrs. Tarver's separate funds, and the conveyance, though in form a sale, was in fact a gift, we must regard and treat it as belonging to the community estate of appellees. (Huston v. Curl, 8 Tex., 240, and numerous subsequent decisions.)

Nor, if we look outside the bond for title to the parol testimony, upon which appellees rely to show that the land is the separate property of Mrs. Tarver, will it warrant or support the judgment. The only witness examined on this point was I. W. Young, the father of Miss C. L. Young, who testifies that his daughter was desirous of assisting Mrs. Tarver, if it could be done without injury to herself, and with this object, after taking legal advice, purchased the judgment under which the land was ordered to be sold. He further says "That the object of witness and his daughter was to make a safe investment of Kitty's (Miss C. L. Young's) money, and at the same time secure something for the future for Julia C. Tarver. That after Kittie had bought the land at the sheriff's sale she executed to Julia C. Tarver a bond for title therefor, who gave two notes for the purchase-money, bearing twelve per cent. interest. Kitty paid for the judgment; that Kitty had been paid every dollar, principal and interest, due on the notes. The land was worth a great deal more than the consideration named in the bond for title, but Kitty intended the value over that named in the bond for title as a gift to her cousin, Julia C. Tarver. There was a money consideration in part, and love and affection in part." Now, as it was not shown that this money consideration was paid with the separate funds of Mrs. Traver, or, indeed, that she had any separate means from which it could have been paid, it cannot be said that as to so much of the land conveyed in consideration of the repayment to Miss Young of the amount which it cost her, the presumption of community property is rebutted. Granting that so much of the land as is in excess in value of

this sum of twelve hundred and fifty dollars was a gift to Mrs. Tarver, and therefore her separate estate, still, so far as anything is shown to the contrary, an undivided interest in part of the land was community property, and as such subject to appellant's execution.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.