## J. ZORN v. E. R. TARVER AND WIFE.

(Case No. 3514.)

1. WITNESS — EVIDENCE — PRACTICE IN SUPREME COURT.— The ruling as to the competency of a witness will not be revised, when the testimony of that witness was wholly immaterial, and could not have influenced the verdict.

2. CONVEYANCE TO WIFE — CONSIDERATION — SEPARATE PROPERTY.— Land sold under a judgment against the husband was bought at the sale by a relative of the wife for a price largely less than its value, and that relative executed first a title bond, and afterwards a conveyance to the wife, the consideration expressed being the price paid at the public sale, and interest; the intention being to give the excess over that price to the wife. Subsequently a part of the land was sold by the husband and wife, and with the proceeds the expressed consideration was paid. *Held*, that the remainder of the land became the separate property of the wife.

3. JUDGMENT LIEN — NOTICE.— *Held* further, that the holder of a judgment against the husband of date anterior to the title bond was chargeable with notice of the interest of the wife in the land.

APPEAL from Guadalupe. Tried below before the Hon. Everett Lewis.

Suit by E. R. Tarver and wife, Julia, against appellant Zorn and the sheriff of Guadalupe county, to enjoin the sale of a tract of land alleged to be the separate property of the wife, but levied on under a judgment in favor of Zorn against the husband. The pleadings, and also the evidence with the exception of the matters stated below, were the same as on the former trial and appeal, and will be found reported in 45 Tex., 519.

The judgment to which Zorn claimed the land to be subject was rendered May 16, 1870. The title bond of C. L. Young to Julia Tarver was made June 4, 1870. Immediately after this bond the statement of facts reads thus: "They also introduced deed from same to same as follows. (This deed is not amongst the papers, unless the paper last copied is it.— CLERK.) W. E. Goodrich "proved that the money consideration mentioned in the deed from C. L. Young to Mrs. Tarver was paid through him, and was the proceeds of a sale of a part of the same land sold by Mrs. Tarver and husband."

The testimony of E. R. Tarver related to the value of the land, and the homestead, and there was other testimony to the same effect.

The case was submitted to the court without a jury, on November 9, 1876, and judgment rendered for plaintiff perpetuating the injunction. Zorn appealed, assigning errors as follows: 1st. That the husband was permitted to testify. 2d. That judgment was rendered for the plaintiffs. 3d. That the land was not held to be community property. 4th. That it was not held to be community, at least to the extent of the consideration recited in the conveyance.

*Ireland*, for appellant.

I. The law as it then stood did not allow husband and wife to testify for or against each other. The common law disability on account of the relation had not been removed. Lewis *v.* Alexander, 47 Tex., 481; Gee *v.* Scott, 48 Tex., 510.

II. The proof showing that the land was purchased and paid for through the mutual exertion of husband and wife, it must be held to be community property and therefore liable for the husband's debts.

III. The title papers showing that the property was acquired by apparent onerous title, the judgment lien attached thereto, and in the absence of proof that the creditor had knowledge that it was the wife's separate property, this lien gives the creditor a superior claim, and this apparent status of the property cannot be disproved. Wallace & Co. *v.* Campbell and Wife, Tyler term, 1880. There is no evidence that Zorn had any knowledge of Mrs. Tarver's separate claim of ownership.

*W. E. Goodrich*, for appellee.

DELANY, J. COM. APP.— The first assignment of error relates to the admission of the testimony of E. R. Tarver, the husband. As the husband was only a nominal party — the real object of the suit being to protect the separate property of the wife,— the admission of his testimony might perhaps be held erroneous under the ruling in Gee *v.* Scott, 48 Tex., 510. But it is unnecessary to express a positive opinion, as the testimony of Tarver was wholly immaterial, and could have had no influence upon the decision of the cause. This is the only objection to testimony that is contained in the record.

This case was before the supreme court on a former appeal (45 Tex., 519). On that appeal, as upon the present, there were two opposite views of the case taken by the parties.

The appellant insisted that the purchase of the land by Miss Young at the former execution sale was not a real purchase for her own benefit; but that it was in fact a loan of so much money to E. R. Tarver. That the land was purchased by Miss Young and conveyed to Mrs. Tarver to protect it from Tarver's creditors,— Miss Young retaining a lien upon it to secure the money which she had advanced. On the other hand, the appellees maintained that the purchase by Miss Young was a real purchase, and that her subsequent conveyance to Mrs. Tarver was a gift to her cousin, the land being charged in the hands of the donee with the amount which she had paid for it.

In commenting upon the case, Mr. Justice Moore, after remarking that it was unnecessary to decide which of these views was correct, proceeds as follows: "Conceding that Miss Young acquired by her purchase an absolute and perfect title, coupled in no way with any condition or trust whatever, yet, as the conveyance from her to Mrs. Tarver purports to be on an onerous consideration, *in the absence of clear and satisfactory proof that the land was purchased with Mrs. Tarver's separate funds*, and that the conveyance, though in form a sale, was in fact a gift, we must regard it as belonging to the community estate of appellees." These remarks of the court apply to the case as it appears upon the face of the conveyance. The learned judge then cites from the testimony a statement to the effect that Miss Young had two objects in view in purchasing the land. First, to make a secure investment of her money; and second, to benefit her cousin, Julia Tarver. That the land was worth far more than the money consideration recited in the deed; that the consideration of the conveyance from Miss Young to Mrs. Tarver was partly a money consideration, partly love and affection, and that Miss Young had been repaid with interest all that she had paid out for the land.

Here it will be observed that, although the testimony shows that Miss Young had been repaid, it does not show from what source the money came, whether it was separate or community funds.

The opinion closes with these words: "Now, as it was not shown that this money consideration was paid with the separate funds of Mrs. Tarver, or, indeed, that she had any separate means from which it could have been paid, it cannot be said that, as to so much of the land conveyed in consideration of the repayment to Miss Young of the amount which it cost her, the presumption of community property is rebutted.

"Granting that so much of the land as is in excess in value of this

sum of $1,250 was a gift to Mrs. Tarver, and therefore her separate estate, still so far as anything is shown to the °contrary, an undivided interest in part of the land was community property, and as such, subject to appellant's execution."

Upon the present appeal the same questions are before us for decision.

The first, that is whether the purchase by Miss Young was a real purchase or a sham, was determined by the judgment of the court below against appellant, and we find nothing in the record to satisfy us that the determination was wrong.

Upon the last trial it was proven that, after the conveyance by Miss Young to Mrs. Tarver, a part of the land was sold, and from the proceeds of the sale the amount recited in the bond as the consideration, together with the interest, was repaid to her.

The court below in passing upon the case must have considered this proof as completely rebutting the presumption that the land was bought with the community property of the husband and wife. If Miss Young, instead of conveying the whole of the land to her cousin, and retaining a lien upon it to secure to herself a part of its value, had herself sold a part of the land, and conveyed the remainder to her cousin, she would have accomplished directly what the proof shows was indirectly done.

But appellant insists that as the bond from Miss Young to Mrs. Tarver showed "that the property was acquired by apparent onerous title, the judgment liens attached thereto, and in the abser ᵌ of proof that the creditor had knowledge that it was the wife's separate property," his lien gave him the superior claim; and he refers us to the case of Wallace v. Campbell, 54 Tex., 87.

But if we admit the correctness of appellant's proposition, still E. R. Tarver's interest in the land was nothing more than an apparent equity. Miss Young held the title, and she held it for herself and Mrs. Tarver. A purchaser from E. R. Tarver would have been put upon inquiry as to the nature of Miss Young's interest in the land, and have been informed of the real character of the title. This would have been fatal to his claim as a purchaser. Zorn's judgment lien cannot place him in any better position.

Our opinion is that the judgment should be affirmed.

AFFIRMED.

[Opinion delivered June 23, 1882.]