## J. ZORN v. E. R. TARVER AND WIFE.

SUPREME COURT, AUSTIN TERM, 1882.

*Evidence.*—Where the husband was only a nominal party in a suit in which the real object was to protect the wife's separate property, the admission of his testimony might be held erroneous under ruling in Gee v. Scott, 48 Texas,

510, but otherwise, when the testimony was wholly immaterial and could have had no influence upon the decision of the cause.

*Community property.*—See facts held sufficient to warrant affirmance of judgment below, that lands acquired by onerous title to the wife is not subject to execution under judgment against the husband.

Appeal from Gaudalupe county.—Ireland & Burges, for appellant.    W. E. Goodrich and Jackson & Jackson, for appellees.

This was a petition for an injunction filed by appellees, E. R. Tarver and his wife Julia, on the fourth of March, 1872, against appellant and the sheriff of the county, to restrain the sale of a tract of land which was claimed by the plaintiffs as the separate property of the wife.

Zorn had, on the sixteenth day of May, 1870, recovered a judgment against E. R. Tarver for $807, and had caused an execution to be levied on this land as his property. The tract contained 1001 acres of land. The petition states that this land had been conveyed to the wife Julia, on the fourth of June, by Miss C. L. Young, the deed stating a consideration of $1250, but that the conveyance was intended as a deed of gift (Miss Young being a near relative of Mrs. Tarver), subject, however, to a lien to secure the amount of money mentioned as the consideration.

December 9, 1873, Zorn answered, first, by general demurrer; second, claimed a lien upon the land (except the homestead of 200 acres) by virtue of his judgment; averred that the land had never belonged to C. L. Young; that the land had been sold under a prior execution against E. R. Tarver and others; that by an understanding with the creditors, Miss Young was allowed to control the execution; that she paid the creditors $1045.46 and costs for control of the judgment, and at the sale the land was bid in in her name, but for the benefit of Tarver; that she really loaned the money to Tarver and took the title in her own name as a security, and that the attempt now to claim the land for Mrs. Tarver by means of the conveyance from Miss Young is a fraud upon the creditors of Tarver.

The cause was submitted to the court without a jury on the ninth of November, 1876, and judgment rendered for plaintiffs, perpetuating the injunction, and the defendant appealed. Plaintiffs introduced evidence to show that when the land was formerly sold by the sheriff, Miss Young had bought it, paying about $1,100 for it; that she conveyed it to her cousin, Mrs. Tarver, intending to secure herself for the amount expressed as the consideration in the deed,

and for the value beyond that to make a gift to her cousin; that the land was worth five or six thousand dollars; that the amount expressed in the deed as the consideration had been paid to Miss Young from the sale of part of the land since its conveyance to Mrs. Tarver. The defendant endeavored to show that the real character of the transaction at the sale by the sheriff was a loan of money by Miss Young to E. R. Tarver, and that the deed was taken in her name to protect the land from the creditors of Tarver, who was in debt. Among the witnesses introduced by plaintiffs was E. R. Tarver. Defendant objected that he was not competent to testify for his wife. The objection was overuled and defendant excepted.

The assignments of error are:

1. That the husband was permitted to testify.

2. That judgment was rendered for plaintiff.

3. That the land was not held to be community property.

4. That it was not held to be community, at least to the extent of the consideration recited in the conveyance.

Opinion by Delany, J.—The first assignment of error relates to to the admission of the testimony of E. R. Tarver, the husband. As the husband was only a nominal party, the real object of the suit being to protect the separate property of the wife, the admission of his testimony might, perhaps, be held erroneous under the ruling in Gee v. Scott, 48 Texas, 510. But it is unnecessary to express a positive opinion, as the testimony of Tarver was wholly immaterial, and could have no influence upon the decision of the cause.

This is the only objection to testimony that is contained in the record.

This case was before the Supreme Court on a former appeal (45 Texas, 519.) On that appeal, as on the present, there were two opposite views of the case taken by the parties.

The appellant insisted that the purchase of the land by Miss Young at the former execution sale was not a real purchase for her own benefit, but that it was, in fact, a loan of so much money to E. R. Tarver; that the land was purchased by Miss Young and conveyed to Mrs. Tarver to protect it from Tarver's creditors, Miss Young retaining a lien upon it to secure the money which she had advanced.

On the other hand, the appellees maintained that the purchase by Miss Young was a real purchase, and that her subsequent convey-

ance to Mrs. Tarver was a gift to her cousin, the land being charged, in the hands of the donee, with the amount she had paid for it.

In commenting upon the case, Mr. Justice Moore, after remarking that it was unnecessary to decide which of these lines was correct, proceeds as follows:

" Conceding that Miss Young acquired by her purchase an absolute and perfect title, coupled in no way with any condition or trust whatever, yet, as the conveyance from her to Mrs. Tarver purports to be on an onerous consideration, in the absence of clear and satisfactory proof that the land was purchased with Mrs. Tarver's separate funds, and that the conveyance, though in form a sale, was in fact a gift, we must regard it as belonging to the community estate of appellees."

These remarks of the court apply to the case as it appears upon the face of the conveyance. The learned judge then cites, from the testimony, a statement to the effect that Miss Young had two objects in view in purchasing the land; first, to make a secure investment of her money, and, second, to benefit her cousin, Julia Tarver; that the land was worth far more than the money consideration recited in the deed; that the consideration of the conveyance from Miss Young to Mrs. Tarver was partly a money consideration, partly love and affection, and that Miss Young had been repaid, with interest, all that she had paid out for the land.

Here it will be observed that, although the testimony shows that Miss Young had been repaid, it does not show from what source the money came, whether it was separate or community funds.

The opinion closes with these words: " Now, as it was not shown that this money consideration was paid with the separate funds of Mrs. Tarver, or, indeed, that she had any separate means from which it could have been paid, it can not be said that, as to so much of the land conveyed in consideration of the repayment to Miss Young of the amount which it cost her, the presumption of community property is rebutted.

" Granting that so much of the land as is in excess in value of this sum of twelve hundred and fifty dollars was a gift to Mrs. Tarver, and therefore her separate estate, still, so far as anything is shown to the contrary, an undivided interest in part of the land was community property, and as such, subject to appellant's execution."

Upon the present appeal the same questions are before us for decision.

The part that is whether the purchase by Miss Young was a real purchase or a sham, was determined by the judgment of the court below against appellant, and we find nothing in the record to satisfy us that the determination was wrong.

Upon the last trial it was proven that after the conveyance by Miss Young to Mrs. Tarver, a part of the land was sold, and from the proceeds of the sale the amount recited in the bond as the consideration, together with the interest, was repaid to her.

The court below, in passing upon the case, must have considered this proof as completely rebutting the presumption that the land was bought with the community property of the husband and wife.

If Miss Young, instead of conveying the whole of the land to her cousin, and retaining a lien upon it to secure to herself a part of its value, had herself sold a part of the land, and conveyed the remainder to her cousin, she would have accomplished directly what the proof shows was indirectly done.

But appellant insists that as the bond from Miss Young to Mrs. Tarver showed " that the property was acquired by apparent onerous title, the judgment lien attached thereto, and in the absence of proof that the creditor had knowledge that it was the wife's separate property," his lien gave him the superior claim; and he refers to the case of Wallace v. Campbell, 54 Texas, 87.

But if we admit the correctness of appellant's proposition, still E. R. Tarver's interest in the land was nothing more than an apparent equity. Miss Young held the title, and she held it for herself and Mrs. Tarver. A purchaser from E. R. Tarver would have been put upon inquiry as to the nature of Miss Young's interest in the land, and have been informed of the real character of the title. This would have been fatal to his claim as a purchaser. Zorn's judgment lien cannot place him in any better position.

Our opinion is that the judgment should be affirmed.

Report of Commissioners of Appeal examined, their opinion adopted and judgment affirmed.—GOULD, C. J.