Jesse Oppenheimer v. George C. Robinson et al.

No. 188.

### 1. Judgment Lien—Indexing—Names of Parties.

Judgment was rendered in favor of "D. & A. Oppenheimer." Indexing an abstract of the judgment the names of the plaintiffs were given "D. & A. Oppenheimer." *Held*, that it was a compliance with the statute, equally as if the names of both plaintiffs had been given..... 177

### 2. Community Property—Presumption.

Purchase was made by the wife, and for her separate estate, she giving her note for the purchase money and taking deed in her own name. *Held*, in favor of a purchaser under execution against the husband, that the land was community property.    Adhering to Cook v. Bremond, 27 Texas, 457 .............................................. 178

### 3. Notice from Recorded Deeds.

Subsequent to the record of the abstract of the judgment the husband and wife conveyed the land, the wife's privy acknowledgment appearing on the deed. The record of this deed and acknowledgment was not notice of the wife's claim to the land, affecting purchaser under the judgment ..................................................... 178

### 4. Testimony Relevant.

The purchaser under execution sale offered to prove that he had no notice of the wife's claim and equities. It was objected that the testimony was immaterial. This was sustained, and was error. The court will presume that the bill of exceptions gives the objections and rulings as they were..................................................... ... 178

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

*James Raley,* for plaintiff in error.—1. The law presumes that land conveyed to husband or wife during marriage is community, and all persons have a right to treat it as such, and buy it from the husband, or under execution against him, unless the deed says it is the separate estate of the wife, or notice is otherwise given of such fact. Rev. Stats, art. 2852; 72 Texas, 431; 65 Texas, 425; 66 Texas, 553; 60 Texas, 112; 61 Texas, 648; 84 Texas, 91; 54 Texas, 87.

2. Where land is bought entirely on credit, and no separate property is ever put into it or paid on it, it is community property; and no agreement or understanding between the husband and wife can change the law. 65 Texas, 428; 66 Texas, 555; 79 Texas, 179; 72 Texas, 362; 62 Texas, 529; 54 Texas, 25; 68 Texas, 334.

*Lewy & West* and *Barnard & McGown*, for defendants in error.

1. Lubbock was largely indebted to his wife. He contracted for the purchase of the lots, and directed Raley to deed them directly to his wife. In addition, Mrs. Lubbock alone executed a note in payment therefor. She was solvent, and all parties expected her to pay the note. Under such circumstances the lots became her separate property. Ullman v. Jasper, 70 Texas, 447; Schuester v. Bauman, 79 Texas, 183.

2. Whether the land was community or the separate estate of Mrs. Lubbock, the abstract lien did not attach, because the abstract was indexed in the firm name of plaintiffs and not in the "name of each of the plaintiffs," as the statute directs. Pierce v. Wimberly, 78 Texas, 187; Gin Co. v. Oliver & Griggs, 78 Texas, 184; Belbaze v. Ratto, 69 Texas, 637; Nye v. Moody, 70 Texas, 437; Ullman v. Jasper, 70 Texas, 452.

3. Robinson having bought the land from the judgment debtors after the lien attached, but before an attempt was made to foreclose it by sale under execution, no interest passed under the execution sale. Plaintiff's

remedy was a direct proceeding against Robinson to have the land subjected to the satisfaction of their debt.     Russell v. Kirkbride, 62 Texas, 459; Poland v. Davenport, 50 Texas, 276; Schmeltz v. Garey, 49 Texas, 58; Spring v. Eisenach, 51 Texas, 435; King v. Brown, 80 Texas, 276.

BROWN, Associate Justice.—Oppenheimer sued Robinson to recover certain lots in the city of San Antonio.    Robinson vouched in F. R. Lubbock and his wife, Mary E. Lubbock, his vendors.    Upon trial by the court, judgment was rendered for defendants, which was affirmed by the Court of Civil Appeals.    The findings of fact by the Court of Civil Appeals are meager, and we copy the findings by the District Court, so far as they relate to the issues involved.

D. & A. Oppenheimer recovered a judgment in the Justice Court of Bexar County against F. R. Lubbock, upon which execution was issued within less than twelve months from the date of the judgment.

"On the 6th day of July, 1888, an abstract of the judgment in the above styled and numbered cause was properly recorded in Bexar County, Texas, being indexed in the firm name of D. & A. Oppenheimer v. F. R. Lubbock, and not in the individual names of the parties to the firm."
The findings of fact do not show whether the judgment was indexed in the name of the defendant or not.    As the court below found that the judgment would have conveyed the title of F. R. Lubbock and Robinson if it had been the community property of Lubbock and wife, we presume that the index was in Lubbock's name also.

Execution was issued and levied upon the lots in controversy as the property of F. R. Lubbock, on the 16th day of January, 1891.    Jesse Oppenheimer, not a member of the firm which recovered the judgment, bought the lots at the sale under the execution, which was regularly made.    He paid the purchase money and received a deed from the officer making the sale.    The court makes no finding that Oppenheimer paid the purchase money, but looking to the statement of facts, we find that the uncontroverted evidence establishes that he did.

"6. On the 17th day of February, 1890, F. R. Lubbock contracted with James Raley for the property involved in this suit.    The consideration to be paid to Raley was a note for $500, executed by Mrs. M. E. Lubbock alone, payable to the order of James Raley, and F. R. Lubbock directed James Raley to make the deed direct to Mrs. M. E. Lubbock.

"7. The deed was made in accordance with the directions of F. R. Lubbock, and his wife executed the note alone.

"8. Mrs. M. E. Lubbock had considerable separate estate, while her husband, F. R. Lubbock, had nothing, and it was understood between James Raley and M. E. Lubbock and F. R. Lubbock at the time said note was executed, that Mrs. M. E. Lubbock was to pay the note out of her

separate funds, and the property purchased was to be the separate estate of Mrs. M. E. Lubbock.

" 9. The entire transaction between Lubbock and Raley was managed by F. R. Lubbock, and when the papers had been executed F. R. Lubbock took the deed to his wife and gave it to her, declaring that it was executed to her at his request, and that he wanted her to accept it as a payment to that extent ,upon what he was indebted to her.   F. R. Lubbock was indebted at that time to his wife in a sum largely in excess of the value of the property conveyed to her by James Raley.

" 10.   On the 5th day of April, 1890, Mrs. M. E. Lubbock, joined by her husband, conveyed the property in controversy to George C. Robinson, the consideration being the assumption by said Robinson of the payment of the note executed by Mrs. M. E. Lubbock and the further sum of $500, paid to Mrs. Lubbock in cash by said Robinson."

The Court of Civil Appeals held, that the index of the record of the abstract of judgment did not comply with the statute, and that there was no lien fixed.  The judgment was recovered in the name of D. & A. Oppenheimer, and the index, under plaintiffs, was the same.  The statute requires that the index shall show the name of each plaintiff and each defendant in the judgment.  Any one looking at the index would understand that the plaintiffs were D. Oppenheimer and A. Oppenheimer, just as if the names had been written separately.   Reference is made to Pierce v. Wimberly, 78 Texas, 187, and Gin Company v. Oliver & Griggs, 78 Texas, 184. Neither of these cases sustain the ruling of the court in this case.   In each of those cases only the firm name was given, which was not in a form to show the given name of the partners.   A substantial compliance with the statute is requisite, but in this case a strict compliance was had; each partner's given name was shown by the index.   The court erred in the ruling. The index was sufficient.

If it be conceded that the lots were in fact the separate property of M. E. Lubbock, the question still remains as to what effect the facts constituting that right have upon the plaintiff's title.   In order to determine this question we must look at the case from the standpoint of a man about to purchase at execution sale under a judgment holding a valid lien as against the community property of Lubbock and wife.

Thus viewing the facts, they are, that F. R. Lubbock and M. E. Lubbock were husband and wife.   During the marriage the lots were conveyed by deed to M. E. Lubbock, and after the lien of the judgment attached, but before the levy of execution, F. R. Lubbock and M. E. Lubbock conveyed the land to George C. Robinson, the wife being privily examined under the statute in the form required for conveying her separate property.   Aside from the conveyance to Robinson, the law presumed that the lots were the community property of Lubbock and wife, and

subject to the judgment against him.   As to the plaintiff, who purchased without notice of other facts, and paid a valuable consideration, this presumption becomes conclusive.   Cook v. Bremond, 27 Texas, 457.   This court has followed the case cited until it has become too well settled to be questioned, no matter what might be the decision if it were an original question in this case.

What effect, if any, did the conveyance by Lubbock and wife to Robinson have on plaintiff's purchase?   He did not claim under this deed, but was a stranger to it.   If it had recited that it was the separate property of Mrs. Lubbock, it would not have been binding on him nor notice to him.   Dev. on Deeds, sec. 1279.   Plaintiff was not bound to look to the chain of title beyond the point where the lien of the judgment attached, and he would not be charged with the notice of the record of instruments executed subsequent to that date.

If, however, the deed was notice of its existence, then what does it prove?   Under the law, as the record stood, the lots were the community property of Lubbock and wife.   A conveyance of community property in which the wife joins does not tend to prove that it is her separate estate.   Although unnecessary, it is not infrequently the case that a wife is called upon to sign deeds for community property, as a matter of precaution simply.   In a case like this, where the title stood in the wife's name, any prudent buyer would have her signature to a deed, otherwise his title on record would not be a complete chain, and in all future cases of sale the question of identity between the grantee in that deed with the person signing the subsequent conveyance would require proof to show the relation of husband and wife and the time of marriage.   This deed could not serve to give notice of the claim to the property as separate estate of the wife.

The record shows that the plaintiff bought under a judgment having a valid lien as against F. R. Lubbock, and that the lots were the community property of F. R. and M. E. Lubbock, and plaintiff's title under these facts was superior to the title of Robinson.

Plaintiff offered to prove that he had no notice of the claim of M. E. Lubbock that the lots were her separate property, which was objected to, because it was immaterial, and the court sustained the objection.   Counsel for defendants in error insist that there might have been another reason for excluding the evidence.   It is possible that such might be the case, but this court will presume that counsel in the court below made the proper objection, and that the bill of exceptions recites the truth, unless there was something to show another valid ground for excluding the evidence, which does not appear.

The judgment was rendered May 27, 1887, and the first execution was issued on the 20th day of June, 1887, less than a year from the date when the judgment was rendered.   The claim of defendants in error that the

lien was lost by failure to issue execution within a year, is not supported by the record. Rev. Stats., art. 3160.

Because of the errors indicated in the opinion, the judgments of the District Court and the Court of Civil Appeals are reversed and this cause is remanded to the District Court for trial in accordance with this opinion.

*Reversed and remanded.*

Delivered June 27, 1894.