COCKBURN et al. v. CHERRY.†

(Court of Civil Appeals of Texas. El Paso. Jan. 9, 1913. Rehearing Denied Feb. 5, 1913.)

1. HUSBAND AND WIFE (§ 256*)—COMMUNITY PROPERTY—WHAT CONSTITUTES.

Land conveyed by deed to a wife in consideration of the payment of an outstanding note to secure which a lien is retained is community property, in the absence of any provision in the deed that it shall be the wife's separate property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 903; Dec. Dig. § 256.*]

2. HUSBAND AND WIFE (§ 273*)—COMMUNITY PROPERTY—COMMUNITY DEBTS—PAYMENT.

Where land conveyed to a wife in consideration of the payment of a note became community property, the note was a community debt, and the husband surviving the wife could convey the land in settlement of the note.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1008–1024; Dec. Dig. § 273.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by D. B. Cherry against Hortie C. Cockburn and another, in which defendant Hortie C. Cockburn filed a cross-bill. From a judgment for plaintiff, defendants appeal. Affirmed.

W. W. Holland and G. W. Tharp, both of Houston, for appellants. Meek & Highsmith and G. H. Pendarvis, all of Houston, for appellee.

HARPER, C. J. This is a suit brought by D. B. Cherry against Hortie C. Cockburn and W. W. Holland, which is, in fact, a suit in trespass to try title, though it purports to be a suit to remove cloud from title. The land described by plaintiff as 32⅓ acres, the same conveyed by Ann Gibbs to Charlotte Gibbs by deed dated August 30, 1885, being part of the Obedience Smith survey in Harris county, Tex.

Plaintiff alleged: "That Abel Anderson, a minor, at one time claimed an interest in said land and through his uncle, Wash Howard, as next friend, in cause No. 16,770, brought suit for said land against F. Halff, who then owned said land, and through whom plaintiff deraigns title, and a final judgment was rendered by said court on the 31st day of December, 1894, wherein it was adjudged by the court that, upon payment by F. Halff into the registry of the court for the benefit of said minor $750, all the right,

title, and interest of said minor should be divested out of him and vested in F. Halff. That Halff paid said sum, and thereby all title ·of said minor, Abel Anderson, was divested out of him and vested in F. Halff, and that said judgment is in full force and effect." That on or about June 8, 1911, Hortie Cockburn and W. W. Holland induced Abel Anderson to execute deed to an undivided one-fourth of said tract to said Cockburn, reciting consideration of $15,000 cash and $5,000 in vendor's lien notes. That no consideration was paid, but the notes were to be retained by Holland to be sold for the benefit of himself, Cockburn, and Anderson. That afterwards, on June 29, 1911, Abel Anderson, desiring to undo said fraudulent transaction, made an instrument whereby he transferred to D. B. Cherry said notes. Cherry charges that the deed from Anderson and wife to Cockburn is a cloud on his title. He prays to have judgment removing cloud from his title, and to require Cockburn to produce the deed in court to be canceled, and that defendants be required to deliver said notes to the clerk to be canceled, and for an injunction restraining defendants from disposing of the notes, and restraining them from asserting any title to said land, and from selling or attempting to sell same, or in any way interfering with plaintiff's ownership of the same.

Defendant Cockburn filed general demurrer, plea of "not guilty," that judgment in cause 16,770 entitled Abel Anderson by next friend, Wash Howard, v. F. Halff, is and was fraudulent; that the land was worth $3,500, and an attempt to divest the minor of his land for $750 was a fraud on the minor; that judgment in No. 16,770, which sought to divest title out of the minor, was and is void, because Wash Howard, who appeared as next friend of the minor, was adversely interested at that time, claiming an interest himself; that the judgment in No. 16,770 is void, because the district court is without jurisdiction to decree a sale of a minor's property, exclusive jurisdiction being in the county courts by article 5, § 16, of the state Constitution. Cockburn also filed cross-bill, in which he claimed title to the undivided one-fourth of the tract described in deed from Ann Gibbs to Charlotte Gibbs on August 30, 1883, being 32⅓ acres, and described by field notes (which we omit). He prayed that judgment in cause No. 16,770, entitled Abel Anderson, by Next Friend, v. F. Halff, be canceled, and held for naught, and that he have judgment for said land. Defendant W. W. Holland demurred, denied, and adopted the answer of defendant Cockburn, and further pleaded that he is attorney for Abel Anderson, and, as such, holds the vendor's lien notes for Anderson; that the purported transfer of vendor's lien notes and superior title from Abel Anderson to D. B. Cherry was obtained by threats made by plaintiff and his

attorney, C. C. Highsmith, whereby they accused Anderson of a felony and threatened to send him ·to the penitentiary, and that they would have attempted to do him personal injury if he had not signed said transfer. He signed the same under duress. Plaintiff filed supplemental petition, and pleaded "not guilty" to Cockburn's cross-action, four years' limitation to the setting aside of judgment in No. 16,770. He also pleaded the five and ten years' statute of limitations as to the land, to which defendant Cockburn pleaded minority of Abel Anderson, that he became 21 years of age on or about October 1, 1901. The case was tried before the court on the 24th, and on the 27th day of July, 1911, rendered judgment for the plaintiff, and canceled the deed from Abel Anderson to Hortie Cockburn, and decreed all title out of him; that Hortie C. Cockburn take nothing on his cross-bill; that the judgment in cause No. 16,770 be not set aside. The court refused to cancel the deed and assignment from Anderson to Cherry as prayed by Holland. Holland is ordered to turn over certain five promissory notes signed by Cockburn and payable to Anderson, and all other notes given for purchase money of said land, and that said notes be kept in the registry of the court. Plaintiff and defendants claim title under Ann Gibbs, who deeded the land in controversy to Charlotte Gibbs by deed dated August 30, 1883. On March 7, 1885, Charlotte Gibbs conveyed the land to her grandchildren, Victoria Howard, wife of Dave Howard, and others, for the consideration of love and affection and a note for $400 signed by all the grantees, and to secure which an express lien was retained on the land; also secured by deed of trust executed same date. Victoria Howard died in 1886, leaving surviving her husband, Dave Howard, and a son, Abel Anderson, by a former husband. It thus appears that Abel Anderson was the grandson of Ann Gibbs, and son of Victoria Howard. August 17, 1887, the surviving grantees in the said deed from Charlotte Gibbs, joined by their husbands, and Dave Howard, surviving husband of Victoria Howard, conveyed the land to Ann Gibbs, citing as consideration therefor the payment by Ann Gibbs of the $400 purchase-money note given to Charlotte Gibbs by her children, which was then held by one William Warnecke, and the record shows this note paid by Ann Gibbs.

The question first to be determined is, Did the next above described deed convey the interest of Victoria Howard? If so, then it follows that it also conveyed Abel Anderson's interest, and, if he inherited no interest, had none which the court in suit No. 16,770 could divest him of, and none which he could convey to appellant Cockburn.

[1] This deed having been made to a married woman for an onerous consideration, and on credit—that is, in consideration of the

payment of the $400 note outstanding—and there being no provision in the deed that the land should become separate · property of grantees, the land conveyed thereby become community property of Dave Howard and Victoria Howard. Epperson v. Jones, 65 Tex. 425; Zorn v. Tarver, 45 Tex. 519; Chapman v. Allen, 15 Tex. 284; Oppenheimer v. Robinson, 87 Tex. 174, 27 S. W. 95.

[2] The $400 note given for the purchase money was a community debt, for the payment of which the whole of the land was bound, and Dave Howard, as surviving husband of Victoria Howard, had the right to convey it in settlement of the note. Carlton v. Goebler, 94 Tex. 93, 58 S. W. 829; Moody v. Smoot, 78 Tex. 119, 14 S. W. 285.

The judgment of the trial court is therefore in all things affirmed.