**BONGIO et al. v. GLEICH et al.**

**No. 9933.**

Court of Civil Appeals of Texas. Galveston.
April 2, 1934.

Rehearing Denied April 19, 1934.

E. R. Campbell, of Houston, for plaintiffs in error.

A. M. Waugh, of Houston, for defendants in error.

PLEASANTS, Chief Justice.

This is a suit by defendant in error Bertha Bongio Gleich, joined by her husband, against plaintiffs in error, Felix Bongio and Sam Bongio and his wife, Margaret, to recover an undivided one-fourth of several lots or parcels of land described in the plaintiffs' petition, and for an accounting, and partition of the land. After describing the land, the petition alleges, in substance: That one-half of the land so described is a part of the community estate of plaintiff Bertha Gleich and her former husband, defendant Felix Bongio, from whom she was divorced by a decree of the district court of Galveston county rendered on May 5, 1930; that no adjudication of the property rights of the plaintiff and her former husband was had in such divorce proceedings; and that said defendant had failed and refused to account to plaintiff for any of her interest in their community estate.

It is further alleged that the extent of said community estate is unknown to plaintiff, but that it consists of a number of other pieces of real property situated in Harris county and elsewhere, and a large amount of goods and merchandise, the description and amount of which is unknown to plaintiff, but well known to the said defendant Felix Bongio, against whom plaintiff asks for an accounting.

The defendants answered by a general demurrer and general denial and by special plea in which it is averred that lots 1, 2, and 3, in block No. 1, described in plaintiffs' petition, was the separate property of defendants Felix and Sam Bongio; a one-half interest therein being owned by each of said defendants.

The trial in the court without a jury resulted in favor of the plaintiff Bertha Bongio Gleich, for an undivided $\frac{7}{48}$ of lots 1, 2, and 3 in block No. 1 of the Brady addition of the city of Houston, and for the sum of $200. As to the remainder of the property described in the petition, and all other matters in controversy, the court decreed that the plaintiffs take nothing, and that the title to the remainder of the property sued for "shall be and remain in the defendants." The decree further orders a partition of the lots above described between plaintiff and defendants in the proportions before indicated.

The only question presented by this appeal is whether there is any evidence to sustain the finding of the trial court that the interest of Felix Bongio in the lots became and was community property of said Bongio and his former wife, the plaintiff herein.

The trial court, at request of appellants, filed conclusions of fact and law. The fact findings of the court pertinent to the issue presented for our decision are as follows:

"I. That Felix F. Bongio and Bertha Bongio had been man and wife for approximately nine (9) years when divorced on or about the 5th day of May 1930.

"II. That during the coverture of plaintiff, Felix F. Bongio, and Sam Bongio purchased Lots One (1) Two (2) Three (3) Twelve (12) Thirteen (13) and Fourteen (14) in Block

One (1) of the Brady Addition to the City of Houston, at a price of Twelve Thousand Dollars ($12,000.00) paying therefor the sum of Five Thousand Dollars ($5,000.00), Two Thousand Dollars ($2,000.00) of which was shown as paying the full purchase price of Lot Number Three (3) and Three Thousand Dollars ($3,000.00) being applied on the remaining five (5) lots, leaving Seven Thousand Dollars ($7,000.00), deferred payments thereon, secured by a vendor's lien on said five (5) lots.

"That the cash payment of Five Thousand Dollars ($5,000.00), was made out of the separate estates of Felix Bongio and Sam Bongio, and that this same constituted their respective entire separate estates.

"That subsequently lots Twelve (12) Thirteen (13) and Fourteen were sold for a cash price of Eleven Thousand Five Hundred Dollars ($11,500.00), out of which the Seven Thousand Dollars ($7,000.00) vendor's lien was retired.

"III. That on October 26, 1929, Felix Bongio and Sam Bongio, joined by their wives, executed a deed of trust on the remaining lots 1, 2 & 3, to D. Guarino, to secure a note for Thirty-five Hundred Dollars ($3,500.00), for the purpose of constructing improvements on the said lots.

"IV. That there was no agreement at any time between Felix Bongio and Bertha Bongio that the said property in the Brady Addition, so purchased was intended to be or become the separate property of Felix F. Bongio."

The agreed statement of facts upon which the case was tried in the court below and which is incorporated in the record, in so far as it relates to question presented by the appeal, is as follows:

"Mrs. Josephine Bongio, the mother of the Defendants, died a widow about January, 1924, and at the time owned as her separate estate certain lots in the Lockhart Addition in the City of Houston, and left no will and no administration was had or necessary. She left as her only heirs five (5) children, to-wit: Phillip P. Bongio, Sam L. Bongio, Felix F. Bongio, Paul Bongio, and Anna Guarino, wife of D. Guarino.

"That after the death of Josephine Bongio, and prior to September 20, 1927, Phillip Bongio quit-claimed his interest in said lots to his sister and three brothers, in consideration of the fact that he had already received from his mother Two Thousand Dollars ($2,000.00), as an advancement to him from the estate and property of his mother; and on September 26, 1927, the other children of Josephine

Bongio conveyed said lots for the consideration of Ten Thousand Dollars ($10,000.00) as evidenced by four (4) negotiable promissory vendor's lien notes, each in the sum of Two Thousand Five Hundred Dollars ($2,500.00), and each of the grantors received and accepted one of said notes as his or her part of said consideration, and of the estate of their mother, Josephine Bongio; prior to December 27th, 1927, Paul, Sam and Felix Bongio sold to D. Guarino, the husband of their sister Anna, all of their right and interest in all of said four (4) notes for the cash consideration of Seven Thousand Five Hundred Dollars ($7,500.00), the written assignment being dated January 20th, 1928.

"On December 27, 1927, Sam and Felix Bongio, defendants herein, purchased from Mrs. Elizabeth Moody, a widow, Lots One (1), Two (2), Three (3), Twelve (12), Thirteen (13) and Fourteen (14) in Block One (1) of the Brady Addition to the City of Houston, at a price of Twelve Thousand Dollars ($12,000.00), paying therefor the sum of Five Thousand Dollars ($5,000.00), Two Thousand Dollars ($2,000.00) of which was shown as paid as full purchase price for Lot Three (3), and Three Thousand Dollars ($3,000.00) was paid as a part of the purchase price for the remaining five (5) lots, leaving Seven Thousand Dollars ($7,000.00) as deferred payments thereon, secured by a vendor's lien on said five (5) lots, securing six (6) vendor's lien promissory notes, each in the sum of One Thousand One Hundred and Sixty-six and $66/100 Dollars ($1,166.66), each payable on or before One (1), Two (2), Three (3), Four (4), Five (5) and Six (6) years respectively after date.

"The Two Thousand Dollars ($2,000.00) paid in cash, as the full purchase price for Lot Three (3) of the Brady Addition, title to which was received by a separate deed, as well as the Three Thousand Dollars ($3,000.00) which was paid as the cash portion for the purchase price of the other five (5) lots, title to which was received in another deed, was the cash money which Felix and Sam Bongio received out of the separate estate of their mother, Josephine Bongio, and such money constituted their separate estates.

"Felix and Sam Bongio purchased said lots in the Brady Addition during their coverture with their wives.

"On August 7, 1928, Felix and Sam Bongio conveyed to Morris Gordon Lots Twelve (12), Thirteen (13) and Fourteen (14) in said Block One (1), Brady Addition, for Eleven Thousand Five Hundred Dollars ($11,500.00) cash. As a part of said transaction Felix and Sam

Bongio, with the cash consideration for the sale of said lots, paid off the vendor's lien notes aggregating Seven Thousand Dollars ($7,000.00) which they had executed to Mrs. Moody, and procured the release of the vendor's lien securing the payment thereof.

"On October 26, 1929, Felix Bongio and Sam Bongio, joined by their wives, executed a deed of trust on the remaining lots, One (1), Two (2) and Three (3) to D. Guarino, to secure a note for Thirty-five Hundred Dollars ($3,500.00) for the purpose of constructing improvements thereon, which loan and lien is still existing.

"That Bertha, the former wife of Felix Bongio, procured a divorce from Felix on or about May 5, 1930, in the District Court of Galveston County, Texas. She later married August Gleich, Jr., who joined her in this suit."

■ We agree with appellants' attorney that these facts conclusively show that the entire consideration paid by Felix and Sam Bongio for all of the lots described in plaintiffs' petition was obtained from the sale of property inherited by them from their mother, and the resale of some of the lots originally purchased by them with the money so obtained, and that upon these facts it must be held that lots 1, 2, and 3 in block No. 1 are owned by Felix and Sam Bongio as their separate property, in which neither of their respective wives have any community interest. The presumption arising from the conveyance to the husband after his marriage that the title vested in the community is, we think, fully rebutted by the undisputed facts which show that the entire consideration paid for the land was out of funds derived from the separate estate of the husband. Not a dollar of the money paid by Felix Bongio for his interest in the lots ever belonged to or became part of the community estate of himself and plaintiff. Zorn v. Tarver, 57 Tex. 388. We think the rule established by the decision in the Zorn Case is obviously sound and just, but if it could be held otherwise, that decision has been so frequently cited, and never challenged, we would be constrained to hold that it has now become a rule of property which it is our duty to uphold. Whitmire v. May, 96 Tex. 317, 72 S. W. 375. It is well settled by the decisions of our Supreme Court that property acquired by the enhancement in the value of land owned separately by the husband or the wife belongs to the separate estate. Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799, 802.

■ The fact that the wives of Felix and Sam Bongio joined their respective husbands in the execution of deeds of trust on the property to secure money borrowed for making improvements thereon could not effect any change in the character of their respective husbands' title to the lots. Of course, if any of the community funds were used to discharge this indebtedness, the divorced wife would have an interest in, or lien upon, the improvements to the extent of one-half of the community funds so used. But no such claim is made in the pleadings in this case, and there is nothing in the evidence tending to show that any community funds were so used.

It follows from these conclusions that the judgment in favor of appellee for an undivided interest in the lots should be reversed, and judgment here rendered in favor of appellants, that appellee take nothing by her suit to recover an interest in the lots.

The remainder of the judgment, not being appealed from, is undisturbed.

Reversed and rendered.