## FIRST STATE BANK OF MOBEETIE v. GOODNER et al.
### No. 5518.

Court of Civil Appeals of Texas. Amarillo.

Feb. 15, 1943.

D. O. Beene, of Wheeler, for appellant.

A. A. Lumpkin and W. A. Askew, both of Amarillo, for appellees.

PITTS, Chief Justice.

Appellant, the First State Bank of Mobeetie, instituted this suit in the District Court of Carson County, Texas against appellees, Ralph Goodner, Sam Goodner and his wife, Delia Goodner, to set aside a deed of conveyance made by Delia Goodner and Sam Goodner conveying to their son, Ralph Goodner, Lot No. 1, except the southerly 32 feet of the west 46 feet, and Lot 2, both in Block 11 of the Original Townsite of White Deer, Texas, and also all of their undivided interest in Lots 7, 8, 9, 13, 14 and 15, Block 35, of the Original Townsite of White Deer, Texas, and to subject the property so conveyed to appellant's judgment and judgment lien as a prior creditor of grantors, alleging such deed to have been made voluntarily without consideration and fraudulently as to the creditors of grantors and especially of appellant.

Appellant alleged further that appellees, Delia Goodner and Sam Goodner, were indebted to it and that said indebtedness was past due at the time of the execution and delivery of the deed in question on June 11, 1940; that said appellees, Delia Goodner and Sam Goodner, as grantors, did not have left in their possession sufficient property subject to execution to pay their existing debts; that appellant reduced its claim or debt against said grantors or appellees to judgment on November 12, 1940, for the sum of $1,849.28, with lawful interest thereon, and that soon thereafter an abstract of judgment was filed, indexed and recorded in the judgment records of Carson County, Texas. Appellees answered with a general denial and further alleged an arrangement of some sort to satisfy said judgment, exact terms of which arrangement were unknown to them, between appellant and one C. H. Hughes, who was the principal with appellees, Delia Goodner and Sam Goodner, as sureties on a note payable to appellant, which note was the basis for appellant's judgment procured against appellees on November 12, 1940.

The evidence discloses that on December 8, 1938, appellees, Delia Goodner and Sam Goodner, signed jointly as sureties for C. H. Hughes, who was a brother to appellee, Delia Goodner, a note for $1,400, payable to appellant; that on December 8, 1939, said note was renewed in full together with an additional note for $140 to cover one year's interest on original $1,400 note, both payable to appellant on demand with the same principal and same sureties on both notes; that appellant made demand for payment to appellees, Sam Goodner and Delia Goodner, prior to June 11, 1940, but no payments were made; that appellees, Delia Goodner and Sam Goodner, both testified that on June 11, 1940, they jointly deeded to their son, Ralph Goodner, the property in question as a gift without consideration; that they knew when they executed said deed that the said notes they had previously executed to apellant had not been paid; that neither of them at said time had sufficient property subject to execution to pay the debt they owed appellant; and that the deed in question was not executed for the purpose of defrauding any of their creditors.

At the close of the evidence appellant moved the court for a peremptory instruction of the jury for said appellant for the reasons that appellees, Sam Goodner and Delia Goodner, were indebted to appellant when they executed the deed for property in question to their son, Ralph Goodner; that said property was deeded as a gift without consideration and that the grantors did not have sufficient property subject to execution to pay said debt at the time of said conveyance.

The court overruled appellant's motion for an instructed verdict and submitted, over the objections and exceptions of both appellant and appellees, one issue to the jury, who answered the same in the negative, which issue was as follows, to-wit: "Do you find and believe, from a preponderance of the evidence, that on June 11, 1940, the defendants, Delia Goodner and Sam Goodner, conveyed to the defendant, Ralph Goodner, the house and lot described in plaintiff's petition for the purpose of hindering, delaying, or defrauding their creditors?"

Appellant filed his motion for a new trial, attacking verdict and judgment, which motion was overruled by the trial court with an exception reserved and notice of appeal given.

Appellant complains by raising only two points, to-wit: that the court erred in not sustaining his motion for a peremptory in-

struction to the jury and in not sustaining his objections and exceptions to the court's charge, which points may be considered as one assignment of error. Appellee replies with two counter-propositions that appellant plead it was the intent of the grantors to hinder, delay or defraud their creditors in the conveyance of the property in question, hence, it was incumbent upon the trial court to submit the issue; second, that appellant was not a prior creditor under the terms of the law at the time of the execution of the deed in question.

We think appellee may be correct in his first counter-proposition if such had been the only grounds of recovery plead by appellant but appellant also plead recovery because the conveyance in question was a gift without consideration while grantors were indebted to appellant and when grantors did not have sufficient property in Texas subject to execution to pay the debt said grantors owed appellant herein. Appellant relied upon the latter grounds alone for recovery. The testimony of appellees, Delia and Sam Goodner, support such grounds of recovery notwithstanding the jury's negative answer to an issue submitted on some other theory or some other grounds of recovery not pertinent to the issues joined on the ground of recovery relied on by appellant.

Article 3997, Vernon's Annotated Texas Civil Statutes, provides that "Every gift, conveyance, assignment, transfer or charge made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within this State subject to execution sufficient to pay his existing debts; but such gift, conveyance, assignment, transfer or charge shall not on that account merely be void as to subsequent creditors, and though it be decreed to be void as to a prior creditor, because voluntary, it shall not for that cause be void as to subsequent creditors or purchasers."

In construing the above statute, the court held in the case of Davis et ux. v. Campbell-Root Lumber Co., Tex.Civ.App., 231 S.W. 167, as follows: "If a conveyance of land was voluntary and not upon a consideration deemed valuable in law and the grantors did not have other property within state subject to execution sufficient to pay the debt, the conveyance was void under the statute, whether or not it was the intent of the grantor to defraud."

Corpus Juris, Vol. 27, page 554, sec. 254, also states in connection with the subject of fraudulent conveyances that "An actual intent to defraud existing creditors is not necessary to render a voluntary conveyance void as to them."

The same principle is announced in the following cases: Walker et al. v. Loring, 89 Tex. 668, 36 S.W. 246; Maddox et al. v. Summerlin et ux., 92 Tex. 483, 49 S.W. 1033; Rutherford et al. v. Carr, 99 Tex. 101, 87 S.W. 815; Clement v. First Nat. Bank of Paris, 115 Tex. 342, 282 S.W. 558; Rector et al. v. Continental Bank & Trust Co., Tex.Civ.App., 180 S.W. 309; Hobbs v. Downing et al., Tex.Civ.App., 147 S.W.2d 284.

Appellees claim and the evidence shows that another separate note was executed for $1,306.91 by C. H. Hughes alone to appellant about the same time of the execution of the two notes by Hughes and appellees, Delia Goodner and Sam Goodner, to appellant that were reduced to judgment in which other note the maker secured appellant with a mortgage on 623 head of sheep in which mortgage the following stipulation is found: "It is also understood, that after the liquidation of the note described herein that the security above named shall apply to certain other indebtedness to which the mortgagor is co-maker."

Appellees further claim that because of such a stipulation in said mortgage and because said sheep described in said mortgage had not been sold and the proceeds applied on all of the Hughes indebtedness to appellant as far as such proceeds would go, said appellant is not classified as a prior creditor of appellees under the law and cannot be classified as a prior creditor until it is determined whether or not the proceeds from the sale of the mortgaged sheep will satisfy the note executed by C. H. Hughes alone to appellant as well as the two notes executed by C. H. Hughes with appellees, Delia Goodner and Sam Goodner, as sureties. The undisputed evidence shows, however, that all of said sheep were sold on October 21, 1940 (some four months after the execution of the deed in question), and the proceeds applied on the Hughes note for $1,306.91 without liquidating all of that note and that Hughes is still making payments on said note executed by him alone.

Corpus Juris, Vol. 27, page 472, § 112, provides under the title "Fraudulent

Conveyances" that "Existing creditors are, as the words imply, persons having subsisting obligations against the debtor at the time the fraudulent alienation was made or the secret trust created, although their claims may not have matured or even been reduced to judgment until after such conveyance."

The Supreme Court of the State of Texas held in the cases of Frees et al. v. Baker, 81 Tex. 216, 16 S.W. 900, 901, 13 L.R.A. 340 that "A liberal construction is given to the words 'creditors and others.' Mr. Bump, in his work on Fraudulent Conveyances, says: 'The character of the claim, if it is just and lawful, is immaterial. It need not be due; for, although the holder cannot maintain an action until it is due, he nevertheless has an interest in the property as a fund out of which the demand ought to be paid. * * * A contingent claim is as fully protected as one that is absolute.' "

This Court held in the case of Moore et al. v. Belt, Tex.Civ.App., 206 S.W. 225, that "If the conveyance alleged to be fraudulent left the grantor's estate insolvent, the mere fact that at the time of the conveyance the creditor held security then of value, which later lost its value, would not prevent the creditor from being classed as a prior creditor within Rev.St. art. 3967."

■ Some question was raised by the record about the sufficiency of the filing and indexing of appellant's judgment in the office of the County Clerk of Carson County, Texas, although there is an agreed stipulation in the record to the effect that appellant had its abstract of judgment filed and recorded in the office of the County Clerk of Carson County, Texas. The record discloses that appellant made three efforts to get its judgment properly filed and indexed for record in the office of the County Clerk of Carson County, Texas and each time such was filed and indexed with some slight irregularities existing. However, under the facts in this case and under the rule established by the Supreme Court of Texas in the case of Openheimer v. Robinson et al., 87 Tex. 174, 27 S.W. 95, and adhered to by other courts in more recent opinions in the cases of Texas Building & Mortgage Co. v. Morris et al., Tex. Civ.App., 123 S.W.2d 365, and Carver et ux. v. Gray et al., Tex.Civ.App. 140 S.W. 2d 227, we believe that the filing and indexing of the judgment in this case was sufficient to comply with the law to create a judgment lien.

■ It is our opinion that the deed executed by appellees Delia Goodner and Sam Goodner to Ralph Goodner was void and as between the fraudulent vendee and the appellant in this case the title to the land in question remained with the debtors, Delia Goodner and Sam Goodner, and the transaction should be treated as if the conveyance to Ralph Goodner had never been made; that appellant was a prior creditor of appellees, Delia Goodner and Sam Goodner, at the time of the execution of the deed in question; that a properly authenticated abstract of judgment was properly filed, indexed and recorded with the County Clerk of Carson County, Texas and that the trial court erred in not sustaining appellant's motion for an instructed verdict. Therefore, the judgment of the trial court is reversed and judgment is here rendered for appellant setting aside and cancelling the deed executed on June 11, 1940, by Delia Goodner and Sam Goodner to Ralph Goodner, and the property described in said deed is ordered sold under execution in satisfaction of appellant's judgment and judgment lien.