Jack O. F. GUNTHER, Appellant,

v.

James W. DORFF, Independent Executor of the Estate of Daisy K. Gunther et al., Appellees.

No. 6779.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 3, 1958.

Rehearing Denied Dec. 8, 1958.

Louis Wilson and Burt Barr, Dallas, for appellant.

McKool & Bader, Dallas, for appellees.

NORTHCUTT, Justice.

James W. Dorff, independent executor of the estate of Daisy K. Gunther, deceased, and all other appellees, brought this action against Jack O. F. Gunther seeking to have certain properties declared community property of Daisy K. Gunther and Jack O. F. Gunther, and contended that such property was incapable of a fair and equitable partition and division in kind and sought to have a receiver appointed to sell said property and the fund from such sale distributed one-half to Jack O. F. Gunther and the remaining one-half between appellees. The appellees were the children of Daisy K. Gunther by a previous marriage. Daisy K. Dorff and Jack O. F. Gunther were married July 26, 1918, and were man and wife until Daisy K. Gunther died on November 15, 1955. At the time of their marriage appellant had a bank account of $157.91 and one lot and one note in the principal sum of $550. The note was payable in monthly installments. Appellant testified that after he married Mrs. Gunther the only properties he inherited was from his sister, Flora Hershfelder, and his father Herman Gunther.

The case was submitted to the jury upon several special issues, and the court entered judgment holding that upon the evidence and the answer of the jury to Special Issue No. 1 (that appellant received $1,350.75 from his father's estate) that all of the separate funds of appellant was so mixed and mingled with the community funds that said property in question was the community property of Daisy K. Gunther, deceased, and Jack O. F. Gunther, and these appellees owned one-half of the same and Jack O. F. Gunther owned one-half. The court found further that the property in question could not be partitioned in kind and appointed a receiver to take possession and charge of all of said property, save and except the house and lot and household furniture and furnishings located at 3105 Ouida Street, Dallas, Texas, which was claimed by Jack O. F. Gunther as his homestead, to sell all of said property, save and except household furniture and furnishings and house and lot located at 3105 Ouida Street, Dallas, Texas, for the highest cash price obtainable, and until said property was sold, to lease and collect all rentals, pay all charges and expenses on and against said property under the orders and directions of the court for the highest cash price obtainable, and from the proceeds received from the sale of said property the costs should be paid, including the receivership, and the net proceeds should be divided and paid one-half to all these appellees and one-half to this appellant. From this judgment appellant perfected this appeal.

Although appellant has based his appeal upon numerous points of error, we are of the opinion that they may all be disposed of together, and that the sole question here to be considered is whether or not the separate estate of appellant was so mingled with that of the community that it could not be traced.

The appellant contends the court erred in not permitting appellant to show Daisy K. Gunther did not have any property at the time of their marriage and did not have any separate income. There was no contention on the part of anyone that Daisy K. Gunther had any separate property or income at any time. The contention of appellees is that the property in question was obtained by the said Daisy K. Gunther and Jack O. F. Gunther during their marriage and that the same was their community property. Appellant contends the prop-

erty is his separate estate and not community. All of the property in question was acquired during the marriage of Daisy K. Gunther and Jack O. F. Gunther and would be their community property unless it be shown that from certain facts the property was separate property.

The undisputed record shows that at the time Jack and Daisy K. Gunther were married that appellant had $157.91 in the bank, one lot and a note in the principal sum of $550. The only other separate property that appellant received was received after his marriage and that was what he received from his sister and his father. The lot owned by appellant at the time of his marriage was turned back to Adoue because appellant could not pay for the same. Appellant received $600 from his sister's estate, deposited $400 of this amount in his bank account and paid current bills with the remaining $200. There was only one bank account and all deposits were deposited in this account. All moneys had been withdrawn from the bank in December, 1925, and the only separate property left to be considered as going into the property involved as a separate estate of appellant is the money received by appellant from his father's estate. Appellant was asked the question, "You built these houses on credit to begin with." His answer was, "I did, yes." Then was asked, "And, of course, you had to pay for them from the rent you received from the property." His answer was "That is right." By appellant's own testimony some of the buildings were from 13 to 17 years old. Since he received his possession of his father's estate in 1944 this is definite proof that much of this property was obtained before appellant received anything from his father's estate.

We think the case of Rippy v. Rippy, Tex.Civ.App., 49 S.W.2d 494, 495, writ refused, is directly in point here where it is stated:

"Article 4619, R.S.1925, provides that, except as therein stipulated, all property acquired by either the husband or wife during marriage is presumed to be community property. The statutory presumption further obtains that 'all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved.' Numerous decisions hold that these presumptions obtain as to real estate acquired during marriage, and that it makes no difference whether the conveyance of same be made to the husband or to the wife, or to both; and that the burden is upon the party alleging the contrary to satisfactorily prove the assertion. Lott v. Keach, 5 Tex. 394; Schmeltz v. Garey, 49 Tex. 49; Glasscock v. Hamilton, 62 Tex. [143], 145; Oppenheimer v. Robinson, 87 Tex. 174, 27 S.W. 95; Duncan v. Bickford, 83 Tex. 322, 18 S.W. 598; Speer's Law of Marital Rights, p. 425, § 350; and p. 428, § 352.

"In the instant case there is no dispute that all the property in question was acquired during the marriage, and that at the time the marriage was dissolved by the death of T. E. Rippy all the property was in his or their possession. The only proof offered by appellants tending to show that the property was not community but the separate estate of T. E. Rippy, was that he had a separate estate when he married appellee and that she had no property; that Rippy's estate was sold, and from 1 to 4 years thereafter the real estate in suit was purchased and the conveyances taken in his name.

"In Speer's Law of Marital Rights, p. 434, the rule applicable is stated as follows: 'The facts that at the marriage the husband had much money, and the wife nothing, and that during the marriage relation the parties decreased in fortune, making nothing, will not rebut this presumption unless the purchase money or consideration is explicitly traced to the separate

property of the husband.' Schmeltz v. Garey, 49 Tex. 49; York v. Hilger, Tex.Civ.App., 84 S.W. 1117."

There is no question in this case but what all the property here involved was acquired during the marriage of Daisy K. Gunther and Jack O. F. Gunther and what little money received by appellant from his sister and father was either dissipated or so mingled with the community estate that it could not be traced to any of the property here involved.

 It is well settled as the law of this state that property acquired during marriage is presumed to be community property. Of course, that presumption is rebuttable; but the burden rests on the party asserting that property acquired after marriage is separate to establish that fact. Stanley v. Stanley, Tex.Civ.App., 294 S.W. 2d 132. We do not think appellant established this property or any part of it was his separate property but believe from his own statements and admissions that the property was the community property of Daisy K. Gunther and Jack O. F. Gunther. All of appellant's assignments of error are overruled and judgment of the trial court is affirmed.