### F. G. BROWN ET AL. v. F. W. REED ET AL.

#### Decided December 14, 1898.

**1. Homestead—Surviving Husband—Partition.**

Under article 16, section 52, of the Constitution, the surviving husband has such right in the homestead situated upon the separate property of the deceased wife that her heirs can not recover nor have partition thereof.

**2. Same.**

The deceased wife leaving no children, her heirs inherited a half interest in the homestead, her separate property; but they were not entitled, in a suit to recover and have partition of same, to a judgment establishing their rights to such half interest, subject to the homestead rights of the husband who had claimed no more than such homestead right as against their half interest.

APPEAL from Milam. Tried below before Hon. W. G. TALLIAFERRO.

*Scarborough & Scarborough,* for appellants.

*R. Lyles* and *Henderson, Streetman & Freeman,* for appellees.

KEY, ASSOCIATE JUSTICE.—This is an action of trespass to try title and for partition, appellants being plaintiffs and appellees defendants. The defendants answered by demurrer, plea of not guilty, and a special plea of homestead right in F. W. Reed. The defendants are husband and wife; and the trial court sustained the plea of homestead and held that the plaintiffs were not entitled to recover possession or have partition of the land, the judgment declaring that the question of title was not adjudicated.

The case is submitted in this court on the following findings of fact, filed by the judge:

1. That the property in litigation, of 196 acres of land, was the separate property of a former wife, now deceased, of defendant F. W. Reed; that she died without children; that defendant F. W. Reed took title by inheritance to one-half interest in said land and that the plaintiff took title, by inheritance, to the other one-half interest.

"2. I find that at the time of the death of the wife of F. W. Reed, that they were living upon the land in controversy as a homestead and cultivating same; that since the death of said Reed's wife without children or other constituents of a family, he has continuously lived on the tract of land, sometimes boarding with his tenants, sometimes keeping bach,

and sometimes having a family with him in the house; and occupying the whole of said tract as a homestead.

"3.   I find that in 1894 the defendants acquired, by purchase, 305 acres (that the deed was taken in his wife's name, and while it was not expressed as her separate property, it was the intention that it should be her separate property). of the same headright survey, the two tracts, the 305 acres and the tract in litigation not adjoining, being something like a mile intervening between them; that the 305-acre tract is nearly all in cultivation; that the purchase money notes for the same, amounting to about $1500, were paid, and to secure the money to make payment defendant Reed and wife secured a loan on the 305 acres of land and executed a deed of trust thereon.

"I find the rental value, since the death of Reed's wife, on the land in controversy, to have been $650 per annum, which death occurred in 1887."

Counsel for appellants submit and attempt to maintain this proposition:

"Where the homestead is on the separate property of the wife, who dies leaving no children, and no constituent of family, except the husband, such surviving husband has no such homestead interest as to deprive heirs of the wife from having partition of the property with the husband."

We can not sanction this proposition, because the contrary is believed to be the law.   Section 52 of article 16 of the Constitution reads as follows: "On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or as long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having jurisdiction, to use and occupy the same."

It is conceded that this provision will apply and protect a surviving wife, whether the homestead be community property or the separate property of the husband; but it is claimed that when the husband survives it has no application unless the homestead is on community property. We find nothing in any portion of the Constitution to warrant this construction; and to adopt it, would be to engraft upon the section quoted an exception not intended by the framers of the instrument. The language of the Constitution is plain; and, as held by this court in Hough v. Shippey, 16 Texas Civil Appeals, 88, the surviving spouse has the same homestead rights as both spouses had prior to the death of one. And this is true, whether the survivor be the husband or the wife.

In so far as the question of partition is concerned, these rights are secured by the section of the Constitution above quoted; and they can not be affected by statutory provisions, if any there be, tending to the contrary.

It is also contended that if appellants are not entitled to partition, still, as the facts show they are joint owners with appellee F. W. Reed of the land sued for, they were entitled to judgment establishing their title and for costs. The plaintiffs sued in trespass to try title and for partition, alleging that they owned an undivided half of the land and the defendants owned the other half. It is not shown that the defendants disputed the plaintiffs' title to half of the land; but they did deny that they were trespassers and wrongfully in possession, and the facts show that they were not. The object of the suit was not merely to establish the plaintiffs' title, but to recover half the land; and failing to show a right to recover, judgment was properly rendered that they take nothing and pay the costs.

This judgment will not bar them from hereafter asserting their title; because it shows on its face that that question was not decided against them.

As to the argument founded upon the suggestion that the evidence of the plaintiffs' rights may be lost before the property ceases to be homestead and becomes subject to partition, it is sufficient to say that the statute provides a means of perpetuating testimony.

*Affirmed.*

Writ of error refused.