J. A. CLEMENTS, EXECUTOR, ET AL. v. IDA CLEMENTS MAURY ET AL.

Decided April 8, 1908.

**1.—Estates of Decedents—Administration—Community Property.**

A pending administration upon the estate of the father of plaintiffs does not deprive them of the right to sue in the District Court for land claimed by them as heirs of their deceased mother's half of the community property.

**2.—Will—Probate—Judgment.**

A judgment admitting to probate a will which attempted to dispose of the community property of a testator and his deceased wife does not conclude the rights of her children as heirs of her interest therein, though they appeared to contest the probate of the will as affecting their rights. It was entitled to probate regardless of its terms, and its admission could not conclude the parties as to its effect nor adjudicate the title to the property it attempted to devise.

**3.—Same—Setting Aside Homestead.**

The appearance of the heirs of the mother to contest the probate of the father's will did not make them bound by a subsequent order setting aside a homestead to the second wife and a minor grandchild. The order affected only such title as the decedent owned in the property so set aside, and not the interest owned by them as heirs of their deceased mother.

**4.—Estates—Homestead—Surviving Wife.**

Under article 16, section 52, of the Constitution, the surviving husband is entitled to homestead for life in the community property of himself and his deceased wife; but this right does not pass to a second wife on his death, so as to preclude the children of the first marriage from having partition to them of the community interest inherited from their deceased mother. It is only the surviving husband or wife of the deceased spouse under whom the heirs claim who is protected in a homestead as against them.

**5.—Same—Minor Grandchild.**

The homestead right preserved to the minor children of the deceased spouse (Const., art. 16, sec. 52), does not extend to grandchildren.

**6.—Declarations—Surviving Parent—Community Property.**

Declarations by the surviving father are not admissible in derogation of the title of the heirs of the deceased mother to her interest in the community property.

**7.—Community Property—Partition.**

Heirs of the deceased mother suing for her community interest in real property are entitled to compensation in the partition thereof for other community property sold by the father, where the entire proceeds were received by him, though they joined him in conveying it.

**8.—Advancements—Community Property.**

Heirs of the mother are not chargeable, as an advancement, in the settlement of the father's estate, with the full value of community property conveyed to them by him, but only to the extent of his community interest.

Appeal from the District Court of McLennan County, 19th District. Tried below before Hon. Marshall Surratt.

*D. A. Kelley* and *W. H. Jenkins,* for appellants.—The County Court of McLennan County, in which the estate of W. J. Clements was being administered, had jurisdiction of the cause, with full power to hear and determine all matters connected with plaintiff's cause of action of every character. McCorkle v. McCorkle, 60 S. W., 434.

By probate of the will of W. J. Clements, deceased, to which the plaintiffs herein were parties, the property in controversy was disposed of, and such disposition was binding upon all the parties connected with said probate proceedings. Rev. Stats., art. 2046; McLane v. Paschal, 47 Texas, 371; Fossett v. McMahan, 74 Texas, 548.

It being apparent from the record that the estate is insolvent, being a country homestead of only two hundred and ten acres, if plaintiffs' claim should be recognized the statute makes special provision in favor of the widow. Rev. Stat., arts. 2055, 2046.

The grand-daughter, Elizabeth Martin, whose mother was dead, and whose father had abandoned her, and who was being raised by W. J. Clements, constituted a member of his family and was entitled to protection in the use of the homestead. Const., art. 16, sec. 52; Rev. Stats.,

art. 2050; Clark v. Gaines, 23 S. W., 703; Osborn v. Osborn, 76 Texas, 494.

The family of W. J. Clements, at the time of his death, took his homestead rights exclusive of all other adverse claims. Const., art. 16, sec. 52; Rev. Stats., art. 2046; Presly v. Robinson, 57 Texas, 460; Horn v. Arnold, 52 Texas, 164; West v. West, 9 Texas Civ. App., 479; McLane v. Paschal, 47 Texas, 369; Griffie v. Maxey, 58 Texas, 214; Swerneman v. Von Rosenberg, 76 Texas, 527; Blair v. Thorp, 33 Texas, 38; Adair v. Hare, 73 Texas, 275; Hoffman v. Newhaus, 30 Texas, 636; Childers v. Henderson, 76 Texas, 664; Ball v. Lowell, 56 Texas, 583; Eubank v. Landrum, 59 Texas, 248; Clements' v. Lacy, 51 Texas, 163; Blum v. Light, 81 Texas, 419; Hough v. Shippey, 16 Texas Civ. App., 88; Shippey v. Hough, 19 Texas Civ. App., 596.

*W. B. Carrington* and *Eugene Williams*, for appellees, cited:— Homestead: Osborn v. Osborn, 76 Texas, 496; Weiss v. Goodhue, 98 Texas, 274; Ashe v. Yungst, 65 S. W., 638; Simms v. Hixon, 65 S. W., 37; White v. Small, 22 Texas Civ. App., 318; Foster v. Johnson, 89 Texas, 645; Putnam v. Young, 57 Texas, 464; Lumpkin v. Murrell, 46 Texas, 51; Pressley's Heirs v. Robinson, 57 Texas, 458.

Lampasas Land: Pressley's Heirs v. Robinson, 57 Texas, 458; Williams v. Emberson, 22 Texas Civ. App., 522.

Mother's half of advancement alone charged in partition of her estate. Wilson v. Elms, 59 Texas, 680; Williams v. Emberson, 22 Texas Civ. App., 522.

Pure gift not an advancement: Williams v. Emberson, 22 Texas Civ. App., 522.

All equities charged against homestead in partition of first wife's estate: Putnam v. Young, 57 Texas, 464.

Any theory supporting the judgment will cause affirmance: Barton v. American Nat. Bank, 8 Texas Civ. App., 223.

Advancements to children out of the community property by the father and mother during the lifetime of both can be charged against the children receiving them in partitioning the mother's half of the community estate among her children or heirs only to the extent of her half interest in such advancements, the father's half being chargeable against the children receiving them only in partitioning his half of the community. Wilson v. Elms, 59 Texas, 680; Williams v. Emberson, 22 Texas Civ. App., 522.

KEY, ASSOCIATE JUSTICE.—This is a partition suit brought by Ida Clements Maury, joined by her husband, and Cora Clements Arnold, joined by her husband against John W. Martin, J. A. Clements, as executor of the estate of W. J. Clements, deceased, and individually, and Mrs. R. V. Clements, the surviving widow of W. J. Clements, and Elizabeth Martin, a minor, who was represented at the trial by her guardian, W. C. Talbert. The suit was commenced on the 14th of September, 1905.

The subject matter of the suit, as disclosed by the plaintiffs' petition, consisted of several tracts of land and some personal property,

alleged by the plaintiffs to be jointly owned by the defendants and themselves, they claiming as heirs of their mother, Negligena Clements, the first wife of W. J. Clements. J. W. Martin filed no answer. The other defendants answered (1) by a plea in abatement to the effect that the District Court, in which the suit was brought, was without jurisdiction because administration was pending in the County Court on the estate of W. J. Clements; (2) res adjudicata, because of the fact that the plaintiffs in this suit appeared in the Probate Court and contested the probation of the will of W. J. Clements; (3) that the property in controversy was the homestead of the defendants Mrs. R. V. Clements, surviving wife of W. J. Clements, and Elizabeth Martin, his grand-daughter.

The case was submitted upon special issues, and the jury found the following facts:

1. That at the time of the trial, January 25, 1907, the one hundred and fifty acres of land upon which W. J. Clements lived at the time of his death, and known as the "homestead tract," was of the value of $4125.

2. That at the same time the sixty acres of land which W. J. Clements still held at the time of his death out of the Hardin Neville survey, and known as "The Cedar Brake Tract," was of the value of $600.

3. That on October 12, 1889, when W. J. Clements sold the two hundred acres of bottom land, it was of the value of $3000.

4. That at the same time, October 12, 1889, when W. J. Clements sold seventy-eight acres of land, a part of the Hardin Neville survey, it was of the value of $780.

5. That the one hundred acres of land conveyed by W. J. Clements to the plaintiff Cora Arnold was at the time it was conveyed, August 7, 1877, of the value of $600.

6. That the eighty-two acres of land conveyed by W. J. Clements to plaintiff, Ida Maury, was at the time it was conveyed, July 28, 1880, of the value of $984.

There were other issues in the case which were not submitted to the jury, and upon which the trial judge filed no conclusions of fact. However, there was little, if any, conflict in the testimony except as to values. There may be some room for diversity of conclusions as to whether the tracts of land conveyed by W. J. Clements to his daughters, the plaintiffs, were intended as advancements or gifts, but a finding either way upon those questions would not, in our opinion, require a reversal.

Upon the trial the case was narrowed down to two hundred and two acres of land, the controversy being as to the plaintiffs' interest therein, and their right to partition. Upon the findings of the jury the court rendered judgment for the plaintiffs, holding that they were owners of an undivided interest, amounting to practically 17-50 of the land, and that the defendants owned the remaining interest. It was also held that the plaintiffs were entitled to partition, but the decree directs that the partition be made in such manner as to award the dwellinghouse and improvements immediately adjacent thereto to

the defendants. The defendants have appealed. Other material facts will be stated in disposing of the assignments of error. The assignments will be considered in the order in which they are presented and should have been numbered in appellants' brief.

The first assignment is addressed to the action of the court in overruling defendants' plea in abatement. That plea set up the fact that the plaintiffs were heirs of W. J. Clements whose estate was being administered in the County Court of McLennan County, and therefore the District Court had no jurisdiction to try this case. It is true that W. J. Clements was the father of the plaintiffs, but they are not suing in this case as his heirs, or asserting any rights from or under him. They deraign their title from their mother, and it was not shown that administration was pending upon her estate. Administration upon their father's estate does not cut off the plaintiffs' right to sue and recover property which they have inherited from their mother.

By the second assignment it is contended that the trial court should have sustained the plea of res adjudicata. The statement under this assignment shows that the plaintiffs, Mrs. Maury and Mrs. Arnold and the defendant J. A. Clements, were the children of W. J. Clements, deceased and his first wife, Negligena Clements, deceased, and Elizabeth Martin, the minor defendant, was the daughter of Ella Martin, deceased, who was a daughter of W. J. and Negligena Clements.

Mrs. Negligena Clements died in 1885, leaving her husband and said children surviving her; W. J. Clements died in 1905, leaving surviving him his three children, his grand-daughter, Elizabeth Martin, and his second wife Mrs. R. V. Clements, to whom he was married in 1893, and who lived with him upon the land in controversy as their homestead from that time to the time of his death; that Mrs. R. V. Clements and Elizabeth Martin who had been living with them for a number of years, have continued their residence upon the place, and were residing there at the time of the trial; that the will of W. J. Clements was filed for probate on the 28th day of January, 1905, and probated March 7, 1905; that Mrs. Maury and Mrs. Arnold, the plaintiffs in this case, joined by their husbands, appeared in the Probate Court and filed objections and resisted the action of the court in probating the will of W. J. Clements, which will treated all of the property in controversy as belonging to W. J. Clements, and bequeathed it to appellants, while the undisputed testimony shows (and it is not controverted by appellants) that the property was community property between W. J. Clements and his first wife, Negligena Clements, mother of the plaintiffs. The plaintiffs objected to the probation of the will upon the ground that it attempted to dispose of their interest in the property in controversy. When a sane person who has reached the age of majority, voluntarily and without undue influence, makes a will, in the manner prescribed by law, such will is entitled to be probated, regardless of its terms. What property it applies to and how such property shall be disposed of, are questions that can not be adjudicated in a proceeding to probate the will. Hence we hold that the Probate Court, in the

proceeding referred to, in determining whether or not the will should be probated, had no power to adjudicate the plaintiffs' interests in the property in controversy. Especially was such the case when the plaintiffs were not claiming under the testator and were asserting title adverse to the will. The judgment probating the will merely adjudicated the fact that the instrument propounded as such was the last will and testament of W. J. Clements, and it did not adjudicate any person's title to any particular property.

The third assignment relates to the action of the court in excluding and refusing to consider the will of W. J. Clements and an order made by the Probate Court, and on appeal sustained by the District Court, setting aside the property in controversy as the homestead of Mrs. R. V. Clements. By his will W. J. Clements attempted to vest in his wife a life estate in the property, and after her death devised it to his grand-daughter, Elizabeth Martin, and the Probate Court made an order setting the property aside to Mrs. Clements and Elizabeth Martin as a homestead, in accordance with the will. It is not shown that the plaintiffs in this case were parties to the probate proceeding setting aside the property for the use of Mrs. Clements and Elizabeth Martin. The fact that they appeared and resisted the probation of the will did not make them parties to all of the subsequent proceedings in the Probate Court. Furthermore, the Probate Court was dealing only with the estate of W. J. Clements, and with such title as he had to the property, and was not attempting to vest in Mrs. Clements and Elizabeth Martin any rights other than those conferred by the will of W. J. Clements. Hence we hold that no error was committed in excluding the testimony referred to. Nor can we sanction the contention that Mrs. Clements has the same homestead right in the property that her husband had. Prior to the adoption of the present Constitution, upon the death of either spouse the homestead was subject to partition, but a provision was placed the present Constitution declaring that the homestead shall descend and vest as other property, but that "it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use and occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the Probate Court having jurisdiction, to use or occupy it." (Const. art. 16, sec. 52.) Construing that provision, it has been held that the surviving spouse is entitled to the use of the homestead, whether community property or the separate property of the deceased spouse, and that the heirs of the deceased spouse can not interfere with or compel partition of such homestead, so long as the survivor elects to use it as such, or his minor children are permitted to do so under an order of the proper court. (Hudgins v. Sansom, 72 Texas, 229.) It will be observed that this extension of the homestead right, in so far as husbands and wives are concerned, is limited to the *surviving* husband or wife. No husband or wife can claim the benefit of this provision of the Constitution, unless he or she is the surviving husband or wife of the deceased spouse under whom the adverse parties are claiming. Applying that law to this

case, we hold that W. J. Clements, during his lifetime, had a homestead right in two hundred acres of the land, although he did not own it all; but when he died, his homestead right did not vest in his surviving wife and grand-child. During his lifetime he was the surviving husband of his first wife, under whom the plaintiffs claim, and they were not, as against him, entitled to partition of the homestead; but when he died, the homestead rights of the second wife must rest upon and can not extend beyond, the land owned by him and to which his estate had the superior title. This being the case, the homestead right of Mrs. Clements was subordinate to the plaintiffs' right to an equitable adjustment between themselves and their father, or those claiming under him.

The fourth assignment presents the same question on behalf of Elizabeth Martin, and what has already been said answers that assignment, unless it should be held (which does not seem to be contended on her behalf) that Elizabeth Martin should be considered as a child within the meaning of the constitutional provision quoted above, which secures homestead rights to minor children after the death of their parents. In construing our statute of descent and distribution, in Burgess v. Hargrove, 64 Texas, 110, it was held by the Supreme Court that the word "children" did not include grandchildren; and thereafter the Legislature amended the statute so as to avoid the effect of that decision. We see no reason why the same construction should not be given to the constitutional provision referred to authorizing the probate court to set aside property as a homestead for minor children.

By the fifth assignment, complaint is urged against a ruling of the trial court refusing to allow the defendants to prove declarations and statements made by W. J. Clements to the effect that he had given plaintiffs all the property they were entitled to and intended the property in controversy for his other daughter, the mother of Elizabeth Martin, and after her death intended it for Elizabeth. These declarations were made after the death of the first Mrs. Clements, under whom the plaintiffs claimed, and were not admissible. When Mrs. Clements died her interest in the property descended at once to her children, and W. J. Clements could not, by act or word, divest them of their property.

By the sixth and seventh assignments it is contended, in effect, that if the plaintiffs were entitled to recover anything, they were not entitled to as much as the judgment awards to them. The proof shows that the first Mrs. Clements had four children; and if no other property can be considered, then the plaintiffs did recover more than they were entitled to. However, the proof shows that there were two other tracts of land and certain personal property belonging to the community estate of W. J. Clements and his first wife, which was sold after her death and the proceeds of which were received and appropriated by W. J. Clements.

Evidently the trial court held that the plaintiffs' interest in the property referred to, or the proceeds thereof, constituted an equitable charge against the estate of W. J. Clements, and entitled the plaintiffs to a sufficient amount of his interest in the land in controversy

to recompense them for their interest in the other property. We think that holding was correct. It is true that the plaintiffs signed the deeds by which the other lands were conveyed, but, having received no part of the consideration therefor, and their father having received and appropriated all of it, in a settlement of their property rights equity will compel those who now stand in their father's place and assert his rights, to account for their interest in the other property which was owned jointly by their father and themselves. Being tenants in common with their father as to the other property, and being married women for such length of time as to prevent that result, the plaintiffs' right to such equitable adjustment was not barred.

The eighth assignment presents the contention that the court erred in not charging the plaintiffs with the entire value of the tracts of land conveyed to them by their father. The record does not specifically show that the course referred to was pursued, but it is probable that such was the case, and we hold that no error was committed in that regard. The property conveyed by W. J. Clements to the plaintiffs, being community property between him and their mother, in a settlement between the representatives of the two estates the plaintiffs claiming under their mother's estate should not be required to account for the full value of the advancements made to them out of the community property.

This disposes of all the questions presented for decision, and finding no reversible error, the judgment is affirmed.

*Affirmed.*

Writ of error refused.