## BUSE et al. v. BUSE.   (No. 8844.)

(Court of Civil Appeals of Texas.   Galveston.
    June 17, 1926.   Rehearing Denied
                Oct. 7, 1926.)

1. **Dismissal and nonsuit** ⊜➤19(3) — **Defendant's cross-action for exclusive possession of homestead could not be defeated by plaintiffs' taking nonsuit on their action for partition (Vernon's Ann. Civ. St. 1925, art. 2182).**

   Plaintiffs brought suit for partition of property claimed as homestead by defendant, and defendant filed cross-action for exclusive possession. Plaintiffs took nonsuit. *Held*, that defendant's cross-action could not be defeated by plaintiffs taking nonsuit, in view of Vernon's Ann. Civ. St. 1925, art. 2182.

2. **Appeal and error** ⊜➤1050(1)—**Error, if any, in action for partition in admitting defendant's testimony that he and deceased wife, plaintiffs' mother, had occupied property as homestead, held harmless, in view of other evidence.**

   In action for partition by heirs of defendant's deceased wife, admission of defendant's testimony that he and deceased wife had purchased and occupied property as homestead, if error as being testimony of transaction with plaintiffs' deceased mother, *held* harmless, since material facts were proven by other testimony.

3. **Homestead** ⊜➤140.

   Where husband occupied, as homestead, property deeded to deceased wife during coverture, husband had homestead rights, even if it was wife's separate property, under Const. art. 16, § 52.

4. **Husband and wife** ⊜➤262(1).

   Where deed to wife during coverture contains no recital that conveyance is to her separate estate, it is presumed to be community property.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Suit by John Buse and another against Z. T. Buse, wherein defendant filed a cross-action. Plaintiffs took a nonsuit, and from a judgment for defendant on his cross-action plaintiffs appeal. Affirmed.

Samuel Schwartz and Heidingsfelder, Kahn & Branch, all of Houston, for appellants.

Fowler & Conn, of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by appellants, John Buse and brother, Henry Buse, against appellee, Z. T. Buse, for the partition of real and personal property described in the petition.

The plaintiffs alleged in their petition that they were the owners of all of the premises described in the petition, except a life estate in one-third of one-half thereof, to which defendant was entitled, and that plaintiffs were the owners of five-sixths of the personal property described in the petition, and the defendant owned the remaining one-sixth thereof.

The defendant answered with a general demurrer and a general denial and further especially denied that the plaintiffs are entitled to a partition of said land, and alleged that the property described in plaintiffs' petition is his homestead; that on or about the 1st day of January, 1881, he and his deceased wife purchased said property and made said property their homestead, since which time, and up to the time of the trial, he had lived on said place, using and claiming the property as his homestead; and that he is entitled to the use and possession thereof as his homestead during life.

He further answered as follows:

"Now comes the defendant in the above entitled and numbered cause and by way of cross-action alleges for complaint against the aforesaid plaintiffs as follows:

"Defendant is the owner of a life estate in that certain property known as lot No. 3 in block No. 31 in the S. F. Noble addition to the city of Houston, Tex., known as 1010 Hardy street, with the improvements thereon; that said property was purchased by himself and wife; that immediately after its purchase they made this place their homestead, and from on or about the year 1881 said place was used and occupied as the homestead of this defendant; that on his wife's death, she having died in 1920, he continued to use and occupy said premises as his homestead, and is still using and claiming same as his homestead.

"Defendant alleges that John Buse and Henry Buse are the sons of his deceased wife by a former husband; that said John Buse has been allowed by this defendant to reside on said place, but that about a year or so ago began a course of cruel treatment toward this defendant; that he is unwilling for him to stay there any longer. (Here follow allegations charging the plaintiff John Buse with various acts of aggression and violence toward defendant, and interference with defendant's possession and enjoyment of his home.)

"Defendant further alleges that he is the owner of household goods that are the furnishings of said home; that plaintiffs have or are attempting to remove said articles and dispose of same; that he has not been able to go into the part of the house where said articles are situated because of the threats against him."

The pleading concludes with the following prayer:

"Wherefore defendant prays that on a hearing hereof he have judgment for possession of the above-described property during his lifetime, and that plaintiffs be forced to give an accounting to this court for all articles that they have removed, and that he have judgment for possession of said furniture and personal property and an injunction restraining said plaintiffs from interfering with him or his enjoyment of said property."

In reply to defendant's answer, plaintiffs filed a supplemental petition consisting of general demurrer and general denial.

When the case was called for trial, the plaintiffs, after both parties had announced

ready for trial, informed the court that they did not desire to prosecute their suit, and asked that they be permitted to take a nonsuit. Upon defendant's insistence upon his right to be heard upon his cross-action, the court granted plaintiffs' request to take a nonsuit "without prejudice to defendant's right to be heard on his cross-action."

The cause then proceeded to trial before a jury on defendant's cross-action. After hearing the evidence, the court withdrew the case from the jury, and rendered judgment in favor of defendant, Z. T. Buse, that he "have and recover of and from the plaintiffs the exclusive possession of the real property described in his petition."

[1] Appellants' first attack upon the judgment of the trial court is based upon the following proposition:

"Where, in a suit for partition of real and personal property, a defendant by his answer sets up matters which are strictly defensive, basing thereon a prayer for 'affirmative relief,' which, in order to resist, plaintiff must prove his own cause of action, plaintiff was not thereby precluded from discontinuing the entire cause by virtue of the provisions of article 1955, Vernon's Sayles' Texas Civil Statutes 1914."

This proposition is abstractly unsound, and is inapplicable to the pleadings in this case. As shown by the answer of the defendant before set out, he not only prayed for affirmative relief, but alleged facts which were not purely defensive, and which show a cause of action against the plaintiffs that entitled him to the relief asked, and his right to try the case so pleaded could not be defeated by plaintiffs' assertion of their right to take a nonsuit on their cause of action against him. Article 2182. Vernon's Ann. Civ. St. 1925.

The case of Hoodless v. Winter, 80 Tex. 638, 16 S. W. 427, cited by appellants, does not support appellants' proposition that, where a plaintiff takes a nonsuit, a defendant will not be heard upon his cross-bill showing a cause of action with reference to the subject-matter of the plaintiff's suit, if, in order to defeat the cross-action, the plaintiff would be required to prove the cause of action upon which he had taken a nonsuit.

All the case holds is that the pleading setting up the cross-action must contain more than a denial of plaintiff's cause of action, and must seek relief that the defendant could not obtain under purely defensive pleadings. The right of appellee to a hearing upon his cross-bill after plaintiffs had taken a nonsuit cannot be doubted. Short v. Hepburn, 89 Tex. 622, 35 S. W. 1056; Burford v. Burford (Tex. Civ. App.) 40 S. W. 602.

[2] Appellants, under their second and third propositions, complain of the ruling of the trial court in refusing to sustain their objections to the testimony of the appellee to the effect that he and his deceased wife purchased the premises in controversy in 1881 or 1882, and occupied the place as their homestead until the death of his wife, and that he had occupied it as his homestead ever since the death of his wife. Appellants contend that this testimony was inadmissible, because it related to transactions with the deceased, under whom appellants claim the property involved in this suit as heirs, and appellee is inhibited by article 3690, Vernon's Sayles' Civil Statutes 1914, from testifying to such transactions.

We do not think the testimony comes within the inhibition of the statute cited, but, if it could be held that the statements of appellee that he and his wife purchased the property in 1881 or 1882, and occupied it as their homestead until her death, was testimony as to a transaction with appellants' deceased mother about which appellee was inhibited from testifying, the admission of the testimony was harmless, because the material facts stated were shown by other undisputed testimony.

[3] It was shown by a deed introduced in evidence that the property was conveyed to Mrs. Buse, the mother of appellants and the wife of appellee, on March 14, 1882, and appellants' testimony shows that it was the homestead of their mother and appellee until her death on May 15, 1920, and that appellee has made his home there since his wife's death. Appellee's homestead right in the property, in so far as it depended upon its use and occupancy by him, is shown by all of the testimony in the case.

It is immaterial whether the property belonged to the community estate of appellee and his deceased wife, or was her separate property, in so far as appellee's homestead rights therein are concerned. Section 52, article 16, of our state Constitution, provides:

"On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead."

Under this provision of the Constitution the homestead right of a surviving husband is not confined to a community homestead, but attaches as well to a homestead which belongs to the separate estate of the wife. Brown v. Reed, 20 Tex. Civ. App. 74, 48 S. W. 537, writ of error refused 93 Tex. 680, 49 S. W. xvi; Clements v. Maury, 50 Tex. Civ. App. 158, 110 S. W. 185.

[4] The deed conveying the property to Mrs. Buse was made after her marriage to appellee, and contains no recital that the conveyance is made to her in her separate right. Property thus acquired is presumed to belong to the community estate. Cooke v. Bremond, 27 Tex. 457, 86 Am. Dec. 626; Wallace v. Campbell, 54 Tex. 87; Oppenheimer v. Robinson, 87 Tex. 174, 27 S. W. 95.

No issue of title to the homestead was raised by the cross-action; the only relief sought by appellee being the exclusive possession of the homestead, and this was all the court awarded him.

While his cross-petition alleges that he has a life estate in the property, and that it was purchased by himself and wife, and was their homestead during the life of his wife, these allegations are made for the purpose of showing his homestead right, and he does not ask for any adjudication of his title, and, as before stated, the judgment only establishes his homestead right, and awards him exclusive possession of the property.

Since the undisputed evidence shows that the property was the homestead of appellee and wife at the time of her death, and he has lived on it and claimed it as his homestead since the death of his wife, under the provisions of the Constitution before cited the extent of his homestead right is in no way affected by the separate or community status of the title.

Appellants' remaining propositions attacking the rulings of the court in refusing to admit evidence offered by them tending to show that the property was the separate property of their mother present no material question, and need not be passed upon.

We are of opinion that the judgment should be affirmed, and it has been so ordered.

Affirmed.