Floy Mae JENKINS et vir, Appellants,

v.

F. M. HUTCHENS et al., Appellees.

No. 3197.

Court of Civil Appeals of Texas.

Eastland.

Jan. 6, 1956.

Rehearing Denied Jan. 20, 1956.

Further Rehearing Denied Feb. 10, 1956.

Scarborough, Yates, Scarborough & Black, Abilene, T. R. Odell, Lubbock, for appellants.

Ratliff & Ratliff, Tom Davis, Haskell, for appellees.

COLLINGS, Justice.

This is a partition suit brought by Floy Mae Jenkins and husband, Marvin W. Jenkins, against F. M. Hutchens and others. Plaintiffs alleged, among other things, that Lillie Mae Hutchens, deceased wife of the defendant, F. M. Hutchens, and mother of plaintiff Floy Mae Jenkins, during her lifetime, to-wit: on November 27, 1936, acquired by deed from her brother, J. T. Hester and his wife, as her separate property a 111 acre tract of land. The status of this tract as the separate property of Lillie Mae Hutchens, deceased, or community property of herself and husband, F. M. Hutchens, is the principal question in controversy. Plaintiff, Floy Mae Jenkins, alleged she was entitled to one-half of the separate property of her mother and prayed judgment establishing her undivided one-half interest therein and that a partition be had awarding to her the proportionate part to which she was entitled.

The defendant, F. M. Hutchens, answered that he had purchased the 111 acre tract in question in 1936 from Roy Lee Hester and wife for $2,200, of which $200 was paid in cash and the balance was evidenced by a note for $2,000; that the cash payment was from community funds; that the note was a community debt and was paid in full out of community funds. He further alleged that any recitals in the deed to the effect that the land was paid for out of separate funds of his wife, Lillie Mae Hutchens, were not true; that it was the intention of appellee and his wife that the land was to be community property and his wife never claimed it as her separate property; that he knew nothing about the recitals in the deed. He further alleged that he had had no experience with deeds; that the deed was drawn for the grantors by a man who was not a lawyer and is now deceased; that he relied upon the one preparing the deed and accepted it without question and filed it for record. He alleged that he did not direct that the deed be made to his wife; that he did not examine it, and did not read it; and if he had read it, he would not have known that the language defeated the purpose and intention of himself and his wife that the land should be their community property. He also alleged that he did not intend to make a gift to his wife and did not believe that she understood that a gift was being made to her.

Two 111 acre tracts of land are involved. All parties agree that one of the 111 acre tracts was deeded to Lillie Mae Hutchens by her father in 1924 as her separate property. This tract will be referred to as the first tract. The second 111 acre tract which joins and lies to the south of the first tract was conveyed to Lillie Mae Hutchens by her brother, Roy Lee Hester and his wife, by a deed dated November 27, 1936 and is the land the status of which is here in controversy. This deed recites that it is "for and in consideration of the sum of Two Thousand Two Hundred ($2,200) Dollars to us paid, and secured to be paid, by Lillie Mae Huchens out of her separate funds as follows: $200 cash in hand paid, the receipt of which is hereby acknowledged, and confessed. And the execution of one certain vendor's lien note for the sum of $2,000, made payable to the order of Roy Lee Hester on or before January

the first 1947. * * * Have granted, sold and conveyed and by these presents do grant, sell and convey unto the said Lillie Mae Hutchens for her own separate use and benefit * * * 111 acres of land * * *."

The case was tried before a jury which found in answer to special issues that the 111 acre tract in controversy was community property of F. M. Hutchens and wife and that Hutchens did not know that the deed from Roy Lee Hester and wife by its terms conveyed the said 111 acre tract to his wife, Lillie Mae Hutchens, as her separate property. Based upon the jury findings, judgment was entered decreeing the said 111 acre tract to be the community property of F. M. Hutchens and his deceased wife. It was further decreed that the said 111 acre tract, together with the first 111 acre tract acquired by Lillie Mae Hutchens from her father in 1924, as her separate property, aggregating 222 acres, be, and the same was, set aside as the homestead of F. M. Hutchens, surviving husband of Lillie Mae Hutchens. Floy Mae Jenkins and her husband have brought this appeal.

In appellants' first point it is contended that, as a matter of law, the deed to the 111 acre tract in controversy from Roy Lee Hester and wife to Lillie Mae Hutchens vested title thereto in Lillie Mae Hutchens as her separate property and that the court erred in overruling and in not granting appellants' motion for judgment notwithstanding the verdict. Appellants point out that the deed in question recites that the consideration therefor was paid and secured to be paid by Lillie Mae Hutchens out of her separate funds and that the land described therein was conveyed to her for her own separate use and benefit. The evidence shows that appellee, F. M. Hutchens, and his wife, Lillie Mae Hutchens, signed and executed the $2,000 vendor's lien note as a part of the consideration for said land. The uncontroverted evidence shows that F. M. Hutchens himself filed the deed for record and that, after the death of his wife, Lillie Mae Hutchens, he qualified as guardian of their two children, one of whom is appellant, Floy Mae Jen-

kins, and dealt with the property as the property of his children.

Appellants contend that the holding in Hodge v. Ellis, Tex., 277 S.W.2d 900, is controlling and we are of the opinion that the contention is well taken. In that case a husband signed notes and a deed of trust as a part of the consideration in a transaction in which his wife took a deed reciting that the property conveyed to her therein was her separate property and paid for out of her separate estate. It was held that, by reason of signing the notes and deed of trust, the husband would be deemed a party to the transaction and the property would be held to be the wife's separate property on the theory of an implied gift from the husband, regardless of what might have been the actual character of the consideration, and regardless of the fact that the husband denied the purchase was intended as a gift to the wife. It was held that the parol evidence rule would be invoked to exclude testimony by the husband that the consideration was actually paid by the community estate and the purchase was actually made for community benefit.

The facts of the instant case are almost identical with the facts concerning the property acquired by deed purporting to be for the separate use and benefit of the wife in Hodge v. Ellis, supra. In both cases the deeds recited that the consideration was paid and to be paid from the wife's separate estate and that the property was conveyed to the wife as her separate property and for her own separate use and benefit. In both cases the husband became a party to the transaction by signing a note given as a part of the consideration. There was no deed of trust in the instant case, only a vendor's lien note, but the husband, appellee F. M. Hutchens, admitted that he filed the deed for record. We are of the opinion that in this case, as in Hodge v. Ellis, it must be held that the husband was a party to the transaction and bound by the recitals in the deed, in the absence of a finding of fraud, accident or mutual mistake. There was some evidence indicating a mutual mistake, but no findings were

made or presented to the jury on the question. The judgment, insofar as it holds the 111 acre tract in question to be community property of appellee, F. M. Hutchens, and his deceased wife, Lillie Mae Hutchens, must be reversed.

▇ At the time of the execution of the deed in question appellee F. M. Hutchens and his wife Lillie Mae Hutchens were the primary, if not the solely interested parties, in the status of the 111 acre tract being conveyed. The grantor, Roy Lee Hester, testified that he had no knowledge of the provisions in the deed to the effect that the conveyance was to Lillie Mae Hutchens for the benefit of her separate estate. Presumably the matter was of no concern to him. There was a finding of mistake on the part of appellee, Hutchens. But no issue was presented to the jury inquiring about a mistake on the part of Lillie Mae Hutchens. Although there was some indication of a mistake on her part the evidence is not conclusive. To avoid the effect of the recitals of the deed, appellee Hutchens had the burden of alleging and of establishing that the existence of the separate property recitals therein were due to fraud, accident or of a mutual mistake on the part of F. M. Hutchens and wife Lillie Mae Hutchens. A finding of mistake by Hutchens alone is of no effect. Since there was some evidence of a mutual mistake, we feel that the ends of justice will be served by remanding the cause for another trial. Sun Oil Co. v. Bennett, Tex.Com.App., 125 Tex. 540, 84 S.W.2d 447.

▇ We cannot agree with appellees' contention that appellants are not entitled on this appeal to claim that the 111 acre tract in question was the separate property of Lillie Mae Hutchens as a matter of law. Appellants raised the question in their motion for a new trial by asserting therein it was conclusively shown that such land was the separate property of Lillie Mae Hutchens. The motion for new trial was timely presented to and overruled by the court. The motion referred to appellants' motion for judgment which also raised the question.

The judgment set aside to appellee, F. M. Hutchens, the surviving husband, as his homestead, the North 200 acres of the two 111 acre tracts. The first of these tracts is admitted to have been the separate property of appellee's first wife, Lillie Mae Hutchens, and the main improvements are located in this tract. The second 111 acre tract is the one the status of which is here in dispute. The evidence shows that appellee Hutchens, during his marriage to his first wife, acquired an additional 200 acres of land as community property. Appellants do not complain of the action of the court in setting aside to F. M. Hutchens the 200 acre homestead, but contend that so long as he claims and uses separate property of his first wife as a homestead the children, including appellee, Floy Mae Jenkins, should have for their use and benefit a like number of acres of the community property.

▇▇ The right of a surviving spouse to use and occupy the homestead, even though the separate estate of the decedent is given by the Constitution. Article 16, Subdivision 52, Vernon's Texas Constitution. There is no inconsistency between the homestead rights claimed by and set aside to appellee Hutchens and his community property rights in the 200 acre tract which appellants seek to have set aside for their use and benefit. We know of no rule of law that entitles appellant, Floy Mae Jenkins, to the benefits sought and claimed by her in the 200 acre community property tract. 13 Tex.Jur., 839, 840.

The judgment of the trial court is reversed and the cause remanded for another trial.

On Further Motion for Rehearing.

After further consideration it is apparent that portions of the trial court judgment are correct and should be affirmed. Therefore, our judgment of January 6, 1956, reversing and remanding this cause is, upon our own motion, set aside and judgment is here rendered reversing and remanding the cause insofar as it affects the 111 acre tract described in the deed from Roy Lee Hester and wife to Lillie Mae Hutchens, dated No-

vember 27, 1936, except that the portion of the judgment which sets aside and includes a part of that tract as the homestead of Appellee, F. M. Hutchens, is affirmed. In all other respects the judgment of the trial court is affirmed.