ACCEPTED
04-14-00812-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/16/2015 1:42:12 PM
KEITH HOTTLE
CLERK

No. 04-14-00812-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
4/16/2015 1:42:12 PM
KEITH E. HOTTLE
Clerk

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT
OF TEXAS AT SAN ANTONIO

---

IN THE ESTATE OF CONSUELLA PERKINS ULBRICH

---

From the Probate Court No. One, Bexar County, Texas
Trial Court Cause No. 2011-PC-0686
Honorable Polly Jackson Spencer, Judge Presiding

---

APPELLANT'S REPLY BRIEF

---

Respectfully submitted,

ORAL ARGUMENT REQUESTED

Philip M. Ross
State Bar No. 017304200
1006 Holbrook Road
San Antonio, Texas 78218
Phone: 210/326-2100
Email: ross_law@hotmail.com

By:  /s/  Philip M. Ross
Philip M. Ross
Attorney for Appellant
Douglas J. Ulbrich

TABLE OF CONTENTS

Page

TABLE OF CONTENTS ………………………………….…… ii

INDEX OF AUTHORITIES ……………………………………….. iii

PROCEDURAL HISTORY ……………………………….....……… 1

LEGAL ARGUMENT …………...............……………………. 2

I.  THE TRIAL COURT DID NOT ERR IN GRANTING
    SUMMARY JUDGMENT FINDING THAT A
    PREPONDERANCE OF THE EVIDENCE
    DEMONSTRATED THAT 3939 STARHILL SHOULD BE
    DESIGNATED AS APPELLANT'S PROBATE
    HOMESTEAD.  …..................................................... 2

II  THE TRIAL COURT DID NOT ERR IN GRANTING
    SUMMARY JUDGMENT FINDING THAT APPELLANT
    HAD WAIVED/ABANDONED HIS PROBATE
    HOMESTEAD AT 3939 STARHILL.  …............................... 10

CONCLUSION and PRAYER …………………………….. 11

CERTIFICATION ……..………………………….…..… 12

CERTIFICATE OF COMPLIANCE ..……….…...………….…...…. 12

CERTIFICATE OF SERVICE ……………….…...……….…...…. 12

# INDEX OF AUTHORITIES

CASES                                                        PAGE(S)

*Brown v. Reed*
48 S.W. 537 (Tex.Civ.App.1898, writ ref'd) …........................ 6

*Casso v. Brand*
776 S.W.2d 551 (Tex. 1989) …................................................ 7

*Cobbs v. Coleman*
14 Tex. 594 (1855) …............................................................. 12

*Hunter v. Clark*
687 S.W.2d 811 (Tex.App. —San Antonio 1985) …............ 5, 6, 9

*In the Estate of Consuella Perkins Ulbrich, deceased*
04-12-00514-CV
(Tex. Civ. App. - San Antonio, January 15, 2014) …............... 1

*Jenkins v. Hutchens*
287 S.W.2d 295
(Tex.Civ.App.--Eastland 1956, writ ref'd n.r.e.) …................. 6

*Provident Life & Accident Insurance Co. v. Knott*
128 S.W.3d 215-216 (Tex. 2003) …........................................ 7

*Petrus v. Cage Brothers*
128 S.W.2d 537
(Tex.Civ.App.--San Antonio 1939, writ ref'd) …................... 9

*Simank v. Alford*
441 S.W.2d 234 (Tex.Civ.App. —Austin 1969) …................. 5

| CASES | PAGE(S) |
|---|---|

*Sparks v. Robertson*
203 S.W.2d 622 (Tex.Civ.App. Austin 1947, writ ref'd) ….......  8, 9

*Spencer v. Schell*
173 S.W. 867 (1915) …...................................................  6

*White v. Blackman*
168 S.W.2d 531
(Tex.Civ.App. Texarkana 1942, writ ref'd w. o. m.) …..............  9

*Williams v. Williams*
569 S.W.2d 867 (Tex. 1978) …..................................  8

| STATE STATUTES AND RULES | PAGE(S) |
|---|---|

Texas Constitution, Sec. 52, Art. 16 …......................................  6, 8

Texas Probate Code § 271(b) …..................................  3,5

IN THE COURT OF APPEALS FOR
THE FOURTH DISTRICT OF TEXAS
SITTING AT SAN ANTONIO

IN THE ESTATE OF CONSUELLA PERKINS ULBRICH

On appeal from Probate Court No. One, Bexar County, Texas
Honorable Polly Jackson Spencer, presiding

APPELLANT'S REPLY BRIEF

TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:

Now comes, Douglas J. Ulbrich ("Douglas"), and files his reply to Appellees' opening brief and would show:

Procedural History

Appellees refer to the Memorandum Opinion of the Fourth Court of Appeals, dated September 18, 2013, attached as Exhibit 1 in their Appendix. However, this memorandum opinion was withdrawn and the Memorandum Opinion of the Fourth Court of Appeals, No. 04-12-000514-CV, was substituted, delivered and filed on January 15, 2014. Douglas incorporates the January 15, 2014 Memorandum Opinion of the Fourth Court of Appeals, No. 04-12-000514-

CV, by reference for all purposes.

LEGAL ARGUMENT

Appellees discussed two issues in response to Appellant's brief. Appellee's first issue is stated:

I.     THE TRIAL COURT DID NOT ERR IN GRANTING SUMMARY JUDGMENT FINDING THAT A PREPONDERANCE OF THE EVIDENCE DEMONSTRATED THAT 3939 STARHILL SHOULD BE DESIGNATED AS APPELLANT'S PROBATE HOMESTEAD.

Douglas submits that Appellee's first issue misstates the trial court's finding. The Order Granting Motion for Summary Judgment did not find that a preponderance of the evidence demonstrated that 3939 Starhill should be designated as Appellant's probate homestead." The trial court found, "as a matter of law, that at the time of death of Consuella Perkins Ulbrich, the Homestead of Decedent existed at 3939 Starhill, San Antonio, Texas." The trial court also found, "as a matter of law, that the Texas Constitution's Survivor Homestead granted to Douglas J. Ulbrich, surviving spouse of Consuella Perkins Ulbrich, deceased, existed at 3939 Starhill, San Antonio, Texas." Douglas submits that the trial court did not make any findings as to the preponderance of evidence or make any reference to evidence or guiding principles in support of its findings.

Douglas also submits that there was no evidence that the residence at 3939

2

Starhill, San Antonio, Texas was granted to Douglas as his Texas Constitution's Survivor Homestead. On August 10, 2012, the trial court ordered that the homestead located at 3939 Starhill, San Antonio, Texas shall be set aside for the benefit of Douglas J. Ulbrich as the surviving spouse homestead, but this Order was reversed on appeal by the January 15, 2014 Memorandum Opinion of the Fourth Court of Appeals, No. 04-12-000514-CV.

Appellees argue that Douglas had the burden of proof pursuant to the Texas Probate Code, Section 271(c) to demonstrate that his ranch was his probate homestead, but he was unable to do so because the 3939 Starhill property had been designated by the couple as their homestead from 2007-2010. However, Douglas submits that his application for homestead property tax exemptions on his 3939 Starhill residence for tax years 2007-2010 does not preclude his designation of his ranch as his probate homestead.

Douglas submits that his burden at the hearing on motion for summary judgment was not to prove his probate homestead claim by a preponderance of evidence but to demonstrate that there were genuine issues of material fact as to each element of his probate homestead claim. Douglas further submits that he met his burden by filing affidavits of persons with knowledge including himself and

supporting documentation, which demonstrated that there were genuine issues of material fact as to each element of his probate homestead claim. (Affidavit of Douglas Ulbrich, dated January 10, 2012 [CR 124-127] at page 125 ¶¶ 8-10, page 226 ¶¶ 11-13) (Affidavit of Karon Robertson, dated 10-1-10 [CR 128-130] at page 128 ¶ 2) (Affidavit of Gary Neubauer, dated 9-27-10 [CR 131-133] at page 131 ¶ 2) (Affidavit of Al Cargen, dated December 17, 2012 [CR 134-139] at page 134 ¶ ¶ 4-5, page 135 ¶¶ 6-16, page 136 ¶¶ 17-25) (Affidavit of Carolyn Watson, dated December 17, 2012 [CR 140-145] at page 140 ¶ ¶ 4-5, page 141 ¶¶ 6-16, page 142 ¶¶ 17-25) (Affidavit of Mary Dahlman, dated December 17, 2012 [CR 146-151] at page 147 ¶ ¶ 5-16) (Affidavit of Douglas Ulbrich, dated September 24, 2012 [CR 173-182] at page 173 ¶ ¶ 2-4, page 174-179).

Therefore, Douglas submits that the summary judgment evidence shows that his homestead was his 160 acre ranch in Medina County, Texas, not 3939 Starhill, San Antonio, Texas, and he did not abandon his probate homestead. Alternatively, the summary judgment evidence establishes a genuine issue of material fact whether Douglas' homestead was his 160 acre ranch in Medina County, Texas, not 3939 Starhill, San Antonio, Texas, and that he did not abandon his probate homestead. At the time of his wife's death, Mr. Ulbrich owned four residences, of

which two were located at the Ulbrich Ranch, one was in Hondo, and the other was in San Antonio. Mr. and Mrs. Ulbrich always considered the Ulbrich Ranch to be their homestead, notwithstanding their application for a property tax exemption for their house in San Antonio, Bexar County, Texas.

The facts in the instant case are somewhat similar to the facts in *Simank v. Alford,* 441 S.W.2d 234 (Tex.Civ.App. —Austin 1969), which involved an urban residence that was claimed as an exempt homestead for property tax purposes and a rural homestead where the family lived only for a brief time. Douglas submits that a claim of homestead exemption for property tax purposes does not foreclose his probate homestead claim regarding his rural homestead.

Douglas submits that he complied with the requirements of Texas Probate Code § 271(b) by timely filing his application on January 17, 2012 to set aside exempt property including his rural homestead supported by his verified affidavit listing all the property that he claims is exempt prior to the Court's approval of an inventory, appraisement and list of claims. *Id.* [CR2 30 – Dkt. 00055] Upon remand from the first appeal, Douglas filed a motion to set aside exempt personal property on May 27, 2014. [CR2 9-13]

Douglas also submits that his voluntary designation of his rural homestead

after the death of his wife is authorized by controlling case law. *Hunter v. Clark*, 687 S.W.2d 811, 814-815 (Tex.App. —San Antonio 1985) summarizes the rights of the surviving spouse as follows:

> The language of the Constitution is plain. The surviving spouse has the same homestead rights as both spouses had prior to the death of one; and this is true whether the survivor be the husband or the wife. *Brown v. Reed,* 48 S.W. 537, 538 (Tex.Civ.App.1898, writ ref'd).

The homestead provision is intended to relate to the rights of heirs and the surviving husband or wife, as between themselves, to the homestead property. *Spencer v. Schell,* 107 Tex. 44, 173 S.W. 867 (1915). TEX. CONST. art. XVI, § 52 gives to the surviving spouse the right to use and occupy the homestead, even though it was the separate estate of the deceased. *Jenkins v. Hutchens,* 287 S.W.2d 295, 298 (Tex.Civ.App.--Eastland 1956, writ ref'd n.r.e.).

Douglas further submits that Appellees' argument in the last paragraph of page 16 of their brief that the trial court properly determined that a preponderance of the evidence dictated that 3939 Starhill be designated as his probate homestead is misplaced. Douglas again submits that Appellees misconstrue the standard of proof in a summary judgment hearing.

In order to establish a right to a traditional motion for summary judgment, the movant must show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Provident Life & Accident Insurance Co. v. Knott,* 128 S.W.3d 215-216 (Tex. 2003). If the movant meets this burden, then the non-movant must produce summary judgment evidence to raise a genuine issue of material fact. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989). If the non-movant does not succeed in raising a genuine issue of material fact, then the motion must be granted.

Douglas submits that the summary judgment evidence clearly shows that there are genuine issues of material fact as to his claim that the Ulbrich Ranch is his probate homestead. Douglas was raised in Medina County, Texas, and belonged to a ranching family. When he married, he and Consuella continued the Ulbrich family ranching tradition. At one time, they were managing three ranches in Bexar, Kendall and Medina counties. Although they maintained a residence in San Antonio and Hondo, they always considered the Ulbrich Ranch to be their homestead, notwithstanding their application for a homestead property tax exemption in Bexar County.

Douglas' affidavits establish facts relating to his rural Medina County

homestead claim. The Affidavits of people, who have known Douglas and his wife including Al and Katie Cargen, Carolyn Watson, Karon Robertson, Gary Neubauer, and Mary Dahlman provide corroborating evidence to support Douglas' designation of the Ulbrich Ranch as his probate homestead.

In support of his claim of right to designate the Ulbrich Ranch as his probate homestead, Douglas filed a Formal Bill of Exceptions with attached exhibits including family photos at the ranch and his sworn affidavit, dated 9-24-12, as well as a Verified Supplemental Formal Bill of Exceptions w/exhibits dated 10-3-12.

Douglas also alleges and would prove that banking records from his bank accounts in Hondo, Medina County, Texas, provide evidence of his rural homestead. Douglas also alleges and would prove that records of his property tax accounts Medina County, Texas, provide evidence of his rural homestead.

Additionally, Douglas alleges and would prove that he and Consuella purchased 80 acres of land that had been part of the historic Ulbrich Ranch from his sister, showing that both Mr. and Mrs. Ulbrich committed a substantial investment and a firm commitment early in their marriage to be a ranching family.

In 1978, the Texas Supreme Court decided the case of *Williams v. Williams*,

569 S.W.2d 867 (Tex. 1978) and ruled as follows:

> Article XVI, section 52 of the Texas Constitution provides that the homestead shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead. [1] This is sometimes referred to as the probate homestead. O. Speer, Texas Family Law § 36:62, at 208 (5th ed. 1977). This homestead right of the survivor has been held to be one in the nature of a legal life estate or life estate created by operation of law. See *Sparks v. Robertson,* 203 S.W.2d 622 (Tex.Civ.App. Austin 1947, writ ref'd); *White v. Blackman,* 168 S.W.2d 531 (Tex.Civ.App. Texarkana 1942, writ ref'd w. o. m.); *Petrus v. Cage Bros.,* 128 S.W.2d 537 (Tex.Civ.App. San Antonio 1939, writ ref'd); Comment, The Widow's Exemption in Texas, 25 Baylor L.Rev. 346, 347 (1973). The Probate Code requires that the probate homestead and certain exempt personal property [2] be set aside to the surviving spouse. Tex.Prob.Code Ann. §§ 271, 272, 283, 284 (1956). These rights are provided by law for the protection of the family and to secure a home for the surviving spouse.

Therefore, Douglas submits that he is entitled to claim his 160 acre rural homestead, which is less than the maximum 200 acres for a survivor's rural homestead. He also submits that he did not waive his right to claim survivorship rights in his rural homestead by applying for homestead exemption benefits for his Bexar County residence for taxation purposes. *Hunter v. Clark*, 687 S.W.2d 811, 814-815 (Tex.App. —San Antonio 1985).

Appellees cite a portion of Douglas' testimony at a hearing in Medina County Court at Law on January 11, 2011 and other summary judgment evidence

referred to at the bottom of page 16 of their brief as conclusive proof that a "preponderance of evidence dictated that 3939 Starhill be designated as Appellant's probate homestead." However, considering all of the summary judgment evidence in the record of this case, Douglas submits that the summary judgment evidence clearly shows that there are genuine issues of material fact as to his claim that the Ulbrich Ranch is his probate homestead.

Appellee's second issue is stated:

II    THE TRIAL COURT DID NOT ERR IN GRANTING SUMMARY JUDGMENT FINDING THAT APPELLANT HAD WAIVED/ ABANDONED HIS PROBATE HOMESTEAD AT 3939 STARHILL.

Douglas submits that Appellees' second issue is moot because the trial court erred in granting summary judgment finding "as a matter of law, that the Texas Constitution's Survivor Homestead granted to Douglas J. Ulbrich, surviving spouse of Consuella Perkins Ulbrich, deceased, existed at 3939 Starhill, San Antonio, Texas." If Douglas' probate homestead was not 3939 Starhill, San Antonio, then evidence that he abandoned that residence is irrelevant to his probate homestead claim as to the Ulbrich Ranch in Medina County. The existence of genuine issues of material fact are for a jury to decide, not for the Court to determine as a matter of law, which precludes summary judgment.

10

Douglas respectfully submits that the Order Granting Motion for Summary Judgment [CR 269-270] was signed in error on November 5, 2014 because there were genuine issues of material fact as to each of the findings as matters of law that the homestead of the Decedent was 3939 Starhill, San Antonio, Texas; that the Texas Constitution's Survivor Homestead granted to Douglas Ulbrich was 3939 Starhill, San Antonio, Texas; that Douglas Ulbrich has voluntarily abandoned and discontinued use of the Texas Constitution's Survivor Homestead located at 3939 Starhill, San Antonio, Texas; and that Douglas Ulbrich cannot transfer the Texas Constitution's Survivor Homestead to any other property.

WHEREFORE, PREMISES CONSIDERED, Douglas J. Ulbrich respectfully requests the Court to reverse the trial court's order granting summary judgment in its entirety and remand the case to the trial court for further proceedings. Mr. Ulbrich requests such further relief at law or in equity to which he may be justly entitled.

Respectfully submitted,

Philip M. Ross
SBN 17304200
1006 Holbrook Road
San Antonio, Texas 78218
Phone: 210/326-2100
Email: ross_law@hotmail.com

By:  /s/  Philip M. Ross
 Philip M. Ross
 Attorney for Douglas J. Ulbrich

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been e-filed and sent on April 16, 2015 in compliance with the Texas Rules of Appellate Procedure and/or by email pursuant to agreement to the following attorneys:

Kristine Arlitt
206 E. Locust St.
San Antonio, Texas 78209

William Bailey
1100 N. W. Loop 410, Suite 700
San Antonio, Texas 78213

William D. Crist
3123 N. W. Loop 410
San Antonio, Texas 78230

/s/  Philip M. Ross
Philip M. Ross